Van Voorhis, J.
Appellant has been convicted of the misdemeanor of reckless driving in violation of section 58 of the Vehicle and Traffic Law. He was arrested following an accident which occurred on August 24, 1957 at about six o’clock in the afternoon at the intersection of Route 145 and Gates Hill Road in the hamlet of Franklintón, in the Town of Broome in Schoharie County. The charge was preferred by indictment of a Grand Jury, the defendant was tried and found guilty by a jury in the County Court. On appeal the Appellate Division reversed the judgment of conviction and granted defendant’s motion to dismiss the indictment upon the basis that it was insufficient in law, saying: ‘1 The indictment charged the violation of section 58 of the Vehicle and Traffic Law, whereby the crime is defined, and then alleged that defendant drove an automobile ‘ in such a manner as to interfere with the free use of the public highway and did thereon endanger the users of the public highway ’. Thus the indictment departed from the language of the statute in several respects, the most important being the failure to allege that the manner of defendant’s driving ‘ unreasonably ’ interfered with the free ‘ and proper ’ use of the public highway or unreasonably ’ endangered users thereof.”
Although ‘ ‘ unreasonableness ” is a necessary constituent of the crime, we think as did Justice Bergan at the Appellate Division, that the indictment pleads sufficient facts from which the characterization may be inferred that defendant’s operation of this automobile “unreasonably” interfered with the free and proper use of the highway, and “ unreasonably ” endangered users thereof.
*233 The language of the indictment is as follows: “ The defendant, in the County of Schoharie, on the 21st day of August, 1957 along the Public Highway Route #145 in the Town of Broome, Schoharie County, New York did drive a 1948 Buick Convertible Sedan in such a manner as to interfere with the free use of the public highway and did thereon endanger the users of the public highway, and that the said defendant did operate the said vehicle across the center line of said highway into the path of an approaching car without any warning and at a high rate of speed causing same to be compelled headlong into the vehicle approaching from the opposite direction on its own proper side of the highway.”
Prior to this statement of the facts charged as constituting a crime, the indictment accuses the defendant “ with the crime of Reckless Driving in violation of Section 58, Article 5, of the Vehicle and Traffic Law of the State of New York, a misdemeanor ”. It seems to us that unreasonable interference with the free and proper use of the public highway and unreasonable danger to the users of the public highway inevitably resulted from defendant’s driving his automobile across the center line into the path of an approaching car, if he did what the indictment charges, going headlong without any warning and at a high rate of speed into a vehicle approaching from the opposite direction on its own proper side of the highway. Where the facts constituting the crime charged are spelled out with as great particularity as has been done here, it seems to us that the conduct described could not have been other than unreasonable. For practical purposes, therefore, the unreasonableness of the manner of driving was expressed in the language of the indictment, and if respondent had any defense such as mechanical failure or sudden skidding he was obliged to offer evidence of it at the trial. On the whole case the burden rested on the People.
“Words used in a statute to define a crime need not be strictly pursued in the indictment; but other words, conveying the same meaning, may be used.” (Code Crim. Pro., § 283).
“No indictment is insufficient, nor can the trial, judgment, or other proceedings thereon be affected, by reason of an imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendant, upon the merits.” (Code Crim. Pro., § 285.)
*234 An indictment is sufficient if it identifies the charge against the defendant so that his conviction or acquittal will prevent a subsequent charge for the same offense, and if it notifies him of the nature and character of the crime charged so that he may prepare his defense (People v. Farson, 244 N. Y. 413; Code Crim. Pro., §§ 284, 285).
The evidence was ample to sustain the conviction, as the Appellate Division has held.
The order appealed from should be reversed and the judgment of conviction of the Schoharie County Court reinstated.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Burke concur.
Order reversed, etc.