■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BARTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered February 19, 1975, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review so much of an order of the same court, dated September 25, 1974, as denied the branch of defendant's motion which was for a hearing to determine the existence of probable cause for the issuance of a search warrant. Judgment affirmed and order affirmed insofar as reviewed. The indictment, although confined to the very language of the statute, contained all that is essential to charge the crimes and to apprise the accused of the nature of the crimes charged (see *People v Farson,* 244 NY 413). Similarly, there were no grounds upon which to grant an *Alfinito* hearing as to the veracity of the affidavit upon which the search warrant was based, since there were no facts alleged which put the affiant's statements into issue (see *People v Alfinito,* 16 NY2d 181; *People v Glen,* 30 NY2d 252). The so-called drug laws of 1973 (L 1973, chs 276–278), furthermore, are not violative of either the Eighth or the Fourteenth Amendments to the United States Constitution (see *People v Broadie,* 37 NY2d 100). Hopkins, Acting P. J., Martuscello, Latham, Christ and Hawkins, JJ., concur.