■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER L. AUDI, JR., Appellant.—Appeal from a judgment of the County Court of Albany County, rendered August 8, 1975, upon a verdict convicting defendant of the crimes of promoting gambling in the first degree and possession of gambling records in the first degree. Defendant was indicted on February 6, 1975 on two counts: promoting gambling in the first degree in violation of subdivision 1 of section 225.10 of the Penal Law, and possession of gambling records in the first degree in violation of subdivision 1 of section 225.20 of the Penal Law. He testified that during January, 1975, the time when his allegedly illegal activities took place, he was working as a bartender at his father's tavern. He stated that he was then indebted to bookmakers in the sum of $9,000 and that he accepted wagers only as an employee of the bookmakers to whom he was indebted. He claimed he was merely "working off a debt" by "acting as an answering service" and that he did not in any way cover the bets himself. Defendant stated that he was told that "[y]ou're in trouble and the best way you can get out of trouble is just go along with what they have in mind". At the trial, State Police Investigator Creagan, a well-qualified expert on criminal gambling activities, testified as to the contents of tape recordings of telephone conversations made, pursuant to an eavesdropping warrant, on January 1, 1975 at the premises where the defendant was employed. Investigator Creagan testified that the voices heard on the tapes were those of defendant and his codefendant and that, in his opinion, they were accepting wagers and bets in the recorded conversations. He stated that, according to his tabulations of amounts of the various transactions, the defendant had accepted a total of $7,524.50 and his codefendant had accepted a total of $10,726.50 in wagers in the course of the taped conversations. As the result of a search warrant obtained on the

application of Investigator Creagan, the premises where said codefendant resided were searched. Slips of paper reflecting some 100 transactions totaling approximately $16,000 in bets were found in the master bedroom, some in a dresser drawer and others in a wastepaper basket. Defendant and his codefendant both testified that the slips were exclusively in the latter's handwriting. There was no testimony to the contrary. Defendant's uncontradicted testimony was that he resided with his parents at a separate address. On this appeal the defendant claims that: (1) he was deprived of a fair trial by the trial court's refusal to charge the defense of duress; (2) the prosecution failed to prove all the elements of promoting gambling in the first degree; and (3) the prosecution failed to prove beyond a reasonable doubt the crime of possession of gambling records in the first degree. As to the first claim, defendant's testimony that he was advised that he should "just go along with what they have in mind", without more, fails to demonstrate that he was forced into illegal activity by "the use or threatened imminent use of unlawful physical force upon him or a third person" (Penal Law, § 40.00, subd 1), such as would have entitled him to such a charge. Since there was insufficient evidence before the jury to support a finding of duress as defined by section 40.00 of the Penal Law, the failure of the trial court to give a charge on this affirmative defense was proper (see *People v White,* 26 NY2d 276). Section 225.10 of the Penal Law provides, in relevant part, that "[a] person is guilty of promoting gambling in the first degree when he knowingly advances or profits from unlawful gambling activity by: 1. Engaging in bookmaking to the extent that he receives or accepts in any one day more than five bets totaling more than five thousand dollars". Subdivision 9 of section 225.00 of the Penal Law defines "bookmaking" as "advancing gambling activity by unlawfully accepting bets from members of the public as a business, rather than in a casual or personal fashion, upon the outcomes of future contingent events". Defendant contends that the prosecution failed to prove each element of promoting gambling in the first degree beyond a reasonable doubt (CPL 70.20) in that it failed to receive on the date of the recording introduced into evidence bets totaling more than $5,000. We disagree. Investigator Creagan testified that "approximately two dozen" people called on the day in question. Of these "two or three of the callers were bookmakers who were relaying or laying off their bets and the remainder of them, perhaps 15 to 20, were bettors placing bets and wagers". The People produced a stipulation entered into during that trial that "the total transactions * * * [on] the tape taken by the man [allegedly the defendant] exceeded $5,000 and the total transactions taken by the woman [allegedly the codefendant] * * * exceeded $5,000. Also, that both the man and woman separately took in excess of five transactions". Investigator Creagan further testified that the defendant accepted a total of $7,524.50 that day. We find no merit to defendant's argument that the prosecution failed to prove that he accepted more than $5,000 in bets during one day because it failed to distinguish between those calls made by bookmakers, as to which defendant claims he was merely an agent, and calls made by other players. Simply stated, we find such distinction to be irrelevant. Even as to those calls which may have been from bookmakers, there was sufficient proof from which the jury could have concluded that defendant received or accepted them and that by such receiving of the calls, he advanced unlawful gambling activity within the meaning of section 225.10 of the Penal Law. We do agree, however, with the defendant's contention that the record herein is insufficient to support his conviction for the crime of possession of gambling records in the first degree (Penal Law, § 225.20, subd 1). In

construing the predecessor to section 225.15 of the Penal Law (possession of gambling records in the second degree), in *People v Wolosky* (296 NY 236, 238–239), the Court of Appeals stated that: "Since mere 'possession', without more, is made a criminal offense, it is of course essential that defendant's 'possession' be conclusively shown * * * section 974 * * * penalizes the mere having on one's person, or under one's control, of certain kinds of personal property commonly employed in this particular kind of gambling * * * defendant * * * had no title or right to the place where he carried on his trade, no ownership, custody or control" (see, also, *People v Leavitt,* 301 NY 113). In the instant case there was no proof that defendant had any title or right to the premises where the slips were seized, no proof from which one "could reasonably conclude that * * * [his] custody and possession of the premises constituted * * * knowing possession, of the betting slips" (cf. *Cimmino v State of New York,* 29 AD2d 587), and no other connection was established between defendant and the gambling records. Judgment modified, on the law and the facts, by reversing the conviction for possession of gambling records in the first degree, and dismissing the indictment therefor; matter remitted to the trial court for resentencing and, as so modified, affirmed. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.