■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOAN E. BROTHERS, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered August 8, 1975, upon a verdict convicting defendant of the crimes of promoting gambling in the first degree and possession of gambling records in the first degree. A search of defendant's residence, made pursuant to a duly authorized search warrant, resulted in the seizure by the State Police of gambling slips representing sports wagers of $16,361. The two-count indictment upon which she was tried named her and her companion, Alexander Audi, Jr., as codefendants. In *People v Audi* (54 AD2d 805), his conviction of promoting gambling in the first degree was recently affirmed by this court while the conviction of possession of gambling records in the first degree was reversed for lack of proof of the

requisite connection between Audi and the gambling records. There is no such lack of proof as to this defendant. The evidence from members of the police of her knowingly participating in accepting bets over the telephone and her possession of the contraband records at her residence was clear and convincing and established her guilt on both counts beyond a reasonable doubt (see *People v Audi, supra; Cimmino v State of New York,* 29 AD2d 587). In seeking reversal of her conviction, defendant also contends the indictment is fatally defective because it does not mention her name or gender in the body of the indictment. While there is an obvious lack of care in the preparation of the indictment, it does fulfill its statutory purpose in identifying the defendant and the charges she must answer *(People v Armlin,* 6 NY2d 231; *People v Farson,* 244 NY 413; *People v Barton,* 51 AD2d 1044; see General Construction Law, §§ 22, 35). Moreover, a failure to timely object to a minor and formal defect in an indictment constitutes a waiver thereof *(People v Scott,* 3 NY2d 148; *Wright v Davies,* 41 AD2d 879). Finally, we find no merit in defendant's allegation of the denial of effective assistance of counsel at trial. The theory of defense selected was the best one available in the judgment of the experienced trial counsel. There was no suggestion of any conflict of interest that would require any inquiry on the part of the court. The jury simply rejected defendant's version and, in view of the overwhelming physical and testimonial evidence presented by the prosecution, their conclusion should not be disturbed. However, we view the one-year sentence of imprisonment of this mother of young children unduly harsh and excessive under the circumstances. We note her prior unblemished record, the recommendation of probation in the presentencing report, the tacit approval of the Assistant District Attorney at the time of argument of this appeal, and, accordingly, modify the sentence imposed by reducing it to a term of probation, the terms of which shall be imposed by the County Court of Albany County. Judgment modified, by reducing the sentence imposed to a term of probation, and matter remitted to the County Court of Albany County for resentencing, and, as so modified, affirmed. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.