■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS RAY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.),

rendered September 1, 1983, convicting him of criminal possession of a weapon in the second degree and reckless endangerment in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the contention of the defendant, the indictment was not so defective as to have rendered his conviction improper. First and foremost, the indictment, although it failed to track the language of the statute (Penal Law § 265.03), provided the defendant with fair notice of the accusations against him so that he was able to prepare a defense *(see, People v Armlin,* 6 NY2d 231; *see, People v Iannone,* 45 NY2d 589).* In addition, the omission of the word "unlawfully" from the count charging criminal possession of a weapon in the second degree did not require a dismissal of that count since the omission was merely a ministerial error *(see, People v Wright,* 112 AD2d 38, *revd* 67 NY2d 749, *on dissenting mem of Callahan, J.).*

Upon viewing the evidence in a light most favorable to the prosecution, we find that it is sufficient as a matter of law to support defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). Furthermore, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contentions, including those made in his supplemental *pro se* brief, are unpreserved for review and, in any event, are without merit. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur.