OPINION OF THE COURT
Dominic R. Massaro, J.
The instant motion presents the rare question of whether an indictment is fatally defective where it does not mention the defendant’s name in its body. The court finds that if the indictment otherwise fulfills its statutory purpose the omission is curable.
*992 Here, the People move pursuant to CPL 200.70 (1) to amend the first and third counts of indictment No. 5168/89, to add that the defendant, Pete Toro, is also accused in count one of the crime of attempted sodomy in the first degree (Penal Law § 130.50 [1]) and that the defendant, Tyrone Williams, is also accused in count three of the crimes of sexual abuse in the first degree (Penal Law § 130.65 [1]).
Both defendants were arrested on June 16, 1989; they were indicted on the referenced and related assaultive offenses on June 26, 1989. There was an obvious lack of care in the preparation of the indictment. The prosecutor’s amendment(s) now seeks correction of these clerical errors; and the court finding no merit to the defense claim (herein advanced by Mr. Toro) that the proposed amendment(s) would change the theory of the People’s case as set forth in the Grand Jury presentation, grants the motion.
PURPOSE OF INDICTMENT
A review of the Grand Jury minutes discloses testimony that both codefendants were extremely active in the attack on the complainant. The Grand Jury was appropriately instructed on the law of acting in concert (Penal Law § 20.00) as well as with respect to the various offenses specifically charged against each defendant.
An indictment has three purposes. They are: (1) to provide a defendant with fair notice óf any accusation(s) against him so that he be allowed to prepare his defense; (2) to assure that any crime for which a defendant is tried is the same as that intended by the Grand Jury; and (3) to protect a defendant against double jeopardy by setting forth the specific crime or crimes for which he is to be tried (see, People v Iannone, 45 NY2d 589 [1978]).
ACTING IN CONCERT
As stated by the People, the theory of this case has always been that each defendant acted in concert with the other as to each of the enumerated crimes charged. Indeed, both were indicted by the Grand Jury on all counts on an acting-in-concert theory.
In two alternating instances, one codefendant was not specifically charged with an offense. Thus, in the first count of the indictment, Mr. Williams is charged with attempted sodomy in the first degree while "acting in concert with” Mr. *993 Toro. The Grand Jury minutes as well as the indictment sheet (attached to the moving papers as exhibits) clearly indicate that defendant Toro was likewise to be charged with attempted sodomy in the first degree.
The same can be said for the third count. Thereunder, Mr. Toro is charged with sexual abuse in the third degree while "acting in concert” with Mr. Williams. The Grand Jury minutes and the indictment sheet are similarly supportive of charging defendant Williams with sexual abuse in the third degree.
A true bill was duly voted against each defendant.
Based on uncontroverted information set forth by the People, the defendants were both aware that they were charged with the several offenses on an "acting in concert” theory. This with respect to each count of the indictment. Clearly both defendants are named in the indictment caption, and the document is otherwise sufficient to fulfill its statutory purpose not simply by virtue of said designation, but by identification of the defendants in the plural throughout its body (see, General Construction Law § 35; see also, People v Brothers, 66 AD2d 954 [3d Dept 1978]); moreover, the indictment specifies "acting in concert” respecting all charges required to be answered (see, People v Armlin, 6 NY2d 231 [1959]; People v Farson, 244 NY 413 [1927]; People v Barton, 51 AD2d 1044 [2d Dept 1976]).
Thus, the amendment(s) neither prejudices the defense on the merits, nor does it in any way alter the underlying prosecutorial theory (see, People v Johnson, 87 AD2d 829 [1982]). Indeed, the defense has not demonstrated any prejudice by virtue of the error, nor are the answering papers convincing in arguing an inherent fatal defect.
There being a lack of New York case law on point, defense reliance on Russell v State (349 So 2d 1224 [Fla 1977]) is misplaced. In Russell (supra), the names of both defendants were omitted on two counts contained in a three-count indictment. The court reasoned that, in effect, they were not charged thereunder on either count. Here, one codefendant was named in each of the first and third counts in question, specifically "acting in concert” with his adequately identified codefendant.
Likewise defense reliance on a learned treatise: "The name of the defendant must be alleged in the charging part of an indictment or information, and the omission of his name *994 therefrom is a fatal and incurable defect, if although it has been held that when the defendant is named in the caption of the accusation it is sufficient even though in the body he is referred to only as rthe defendant’ ” (see, 1 Wharton, Criminal Procedure, Indictment and Information, § 278, at 91 [12th ed 1975]; emphasis added).
CONCLUSION
It is the court’s opinion that the proffered amendments) is proper in light of the fact that there is no uncertainty here. The amendments) merely corrects a clerical error flowing from the clear purpose of the Grand Jury to indict both defendants for the crimes charged; the fact that, subsequent to the indictment, it was discovered that a defendant’s name was erroneously not listed in a specific count does not vitiate so much of it in the face of otherwise appropriate Grand Jury form and procedure.
Accordingly, for the reasons herein set forth, the People’s motion to amend the indictment is granted.