■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENCE TREAT, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment of from 12 to 24 years, unanimously affirmed.

On appeal from his conviction for causing his friend's death by dousing him with scalding water mixed with vinegar, salt and pepper, defendant contends that the victim's statements to the police were neither excited utterances nor dying declarations. The evidence at trial showed that the victim ran to the hospital emergency room screaming that he was burning. About ten minutes later, the police arrived and the victim told them that "Larry" (the defendant) had thrown "some hot shit" on him, after which he showered and fled the locked apartment by using the fire escape. Detectives arrived as the victim, 65% of whose body had first or second degree surface burns, which were oozing fluids, was about to be taken by ambulance to the burn center. En route, after being advised by a detective that death was imminent, the victim repeated his account and gave additional information incriminating

defendant. He was crying out in pain throughout this period. The victim died 51 days later from his burn injuries, complicated by bronchial pneumonia and sepsis. After finding the statements properly admissible under the excited utterance exception to the hearsay rule, the trial court specifically declined to rule on the alternate ground for admission proffered by the prosecutor, i.e., that the statements constituted a dying declaration.

The victim's statements were properly admitted as excited utterances because the trial record demonstrates that they were made before there was "time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance" (People v Marks, 6 NY2d 67, 72, cert denied 362 US 912; see, People v Brown, 70 NY2d 513, 520). While the victim, critically injured and experiencing extreme pain, had the wherewithal to run to the hospital after showering in an unsuccessful attempt to ease his pain, this record demonstrates that the unrelenting trauma caused by his injuries was so intense as to indicate that his answers to the police officers' questions were made while he was still "under the influence of the excitement precipitated by an external startling event". (People v Edwards, 47 NY2d 493, 497.) Defendant stresses the time lapse between the event and the statements, but where, as here, the statements otherwise qualify as an excited utterance, there is no arbitrary limitation on the permissible period between the startling event and utterance. (People v Brown, 70 NY2d 513, 520, supra; People v Brooks, 71 NY2d 877, 878.) Nor does the fact that the victim's statements were given in reply to questioning by the police preclude their admission. (People v Brooks, supra.) As the statements were admissible as excited utterances, there is no need to consider whether the victim's statements also qualified as dying declarations.

We find, contrary to defendant's claim, that the nine color postmortem photographs of the victim's body were properly admitted. They were relevant to show that whoever burned the victim acted with intent to inflict serious physical injury. (See, People v Pobliner, 32 NY2d 356, 369, cert denied 416 US 905.)

Defendant's remaining claim, that evidence that he was incarcerated deprived him of a fair trial, is without merit. Defendant's general objections did not preserve his current claim that the evidence that he was "in and out of jail" branded him dangerous and predisposed to commit crime.

Moreover, the facts concerning defendant's initial arrest and release were elicited by defense counsel, who did not object when defendant's incarceration in the "Tombs" was mentioned. In any event, it is clear that the evidence of defendant's incarceration had to do with his arrest for this crime and, thus, could not carry the connotation defendant now ascribes to it. Concur—Murphy, P. J., Sullivan, Milonas and Smith, JJ.