■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO GARCIA, Appellant.—Judgment, Supreme Court, Bronx County (Fred W. Eggert, J.), rendered December 20, 1990, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 7 to 21 years, unanimously affirmed.

Defendant and a codefendant were jointly indicted and tried for the intentional murder of Hardy Holmes, with the codefendant waiving a jury trial. The trial court acquitted the codefendant and the jury returned a verdict of guilty of manslaughter in the first degree as against defendant.

We reject defendant's contention that Holmes' statement to his mother at the hospital identifying defendant as the assailant was improperly admitted as an excited utterance, several witnesses having testified to Holmes' expression of pain and fear of dying, and the circumstances otherwise "reasonably justify[ing] the conclusion that the remarks were not made under the impetus of studied reflection" *(People v Edwards,* 47 NY2d 493, 497). A different result is not required simply because the utterance was made some 45 minutes after the knife attack in response to a question put to Holmes by his mother *(see, People v Brown,* 70 NY2d 513; *People v Treat,* 167 AD2d 110, *lv denied* 77 NY2d 844).

The evidence concerning defendant's drug sales was properly admitted to establish identity, the witnesses testifying that they knew and recognized defendant as a street seller *(see, People v Hudy,* 73 NY2d 40, 54-55; *People v Alvino,* 71 NY2d 233, 241-242). Since the evidence concerning defendant's incarceration while awaiting trial and his post-arrest silence was elicited by his own counsel, he cannot complain that it

was improperly admitted. Finally, the trial court's instructions to the jury that it was to consider the guilt or innocence of defendant alone while the court would determine the guilt or innocence of codefendant was sufficient to convey the principle that the jury was to consider only evidence against defendant in its deliberations. In any event, since defendant did not object or request a further charge, the issue is not preserved for appellate review.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Kupferman and Kassal, JJ.