■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARLOS FRANCO, Appellant. [707 NYS2d 4] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered April 6, 1998, convicting defendant, after a jury trial, of attempted murder in the second degree, robbery in the first degree (two counts) and robbery in the second degree, and sentencing him to a term of 8⅓ to 25 years consecutive to concurrent terms of 8⅓ to 25 years, 8⅓ to 25 years, and 5 to 15 years, respectively, unanimously affirmed.

Contrary to defendant's argument, his convictions on the robbery counts were based on legally sufficient evidence and were not against the weight of the evidence. The evidence permitted the jury to draw a reasonable inference that defendant intended to deprive the victim of a jacket (*see, People v Gonzalez*, 246 AD2d 667, 668, *lv denied* 91 NY2d 973; *Matter of Nehial W.*, 232 AD2d 152).

The court properly exercised its discretion in permitting the People to exhibit before the jury the victim, who had sustained catastrophic injuries during the incident and who was unable to testify (*see, Harvey v Mazal Am. Partners*, 79 NY2d 218). After the court delivered thorough instructions in order to prepare the jury, the victim was brought into the courtroom during the testimony of the People's medical expert, who made use of the victim's presence for purposes of illustration and to conduct several demonstrations establishing the victim's condition. The display of the victim was relevant to issues raised at trial and was not conducted simply for its inflammatory effect (*see, People v Wood*, 79 NY2d 958). Defendant made no concessions concerning the victim's injuries (*see, People v Robinson*, 93 NY2d 986), and the cross-examination of the medical expert prior to the display of the victim raised questions as to causation. In any event, the exhibition of the victim could not have deprived defendant of a fair trial in view of the overwhelming evidence of his guilt.

Defendant's challenge to the court's definition of robbery in its jury instructions is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the charge sufficiently explained the requisite intent.

Consecutive sentences for the attempted murder conviction and the robbery convictions were properly imposed because the attempted murder was not part of the robbery, but was an " 'unnecessary afterthought' " (*People v Smiley*, 121 AD2d 274, 276, *lv denied* 68 NY2d 817). After the robbery was clearly complete, defendant and the codefendants dragged the unconscious victim to a different location where they attempted to kick and stomp him to death. Concur—Nardelli, J. P., Ellerin, Lerner and Rubin, JJ.