■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR MARTINEZ, Appellant. [731 NYS2d 383] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered March 2, 1998, convicting defendant, after a jury trial, of attempted murder in the second degree, robbery in the first degree (two counts) and robbery in the second degree, and sentencing him to a term of 8⅓ to 25 years consecutive to concurrent terms of 8⅓ to 25 years, 8⅓ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence supporting the robbery convictions is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. We find that the evidence permitted the jury to reasonably infer that defendant intended to deprive the victim of his jacket. This argument is similar to the argument previously rejected by this Court on a codefendant's appeal (*People v Franco*, 270 AD2d 160, *lv denied* 95 NY2d 852). There is no reason to reach a different result here.

The record establishes that the court did not place any limitations on defendant's summation arguments. At no time during the pre-charge conference, or during defendant's summation itself, did the court prohibit defendant from making arguments about the lack of evidence, and defendant in fact made such arguments. The court's brief preview, at the pre-charge conference, of that portion of its reasonable doubt charge dealing with the lack of particular kinds of evidence, did not inhibit defendant's summation, and the charge ultimately delivered was balanced and appropriate (*see, People v Jiovani*, 258 AD2d 277, *lv denied* 93 NY2d 900).

The court properly exercised its discretion in receiving testimony that, while incarcerated on the instant charges, defendant made admissions to a fellow inmate that he was arrested for the instant crime. "[T]he evidence of defendant's

incarceration had to do with his arrest for this crime and, thus, could not carry the connotation defendant now ascribes to it" (*People v Treat*, 167 AD2d 110, 112, *lv denied* 77 NY2d 844). Concur—Wallach, J. P., Rubin, Buckley, Friedman and Marlow, JJ.