Juan Carlos FRANCO, Petitioner–Appellant,

v.

James J. WALSH, Superintendent, Sullivan Correctional Facility, Respondent–Appellee.

No. 02–2377.

United States Court of Appeals, Second Circuit.

Sept. 4, 2003.

Eleanor Jackson Piel, New York, NY, for Petitioner–Appellant.

Robert T. Johnson, District Attorney, Bronx County (Joseph N. Ferdenzi, Karen Swiger, Mary B. McGarvey–Depuy, Assistant District Attorneys, of counsel), for Respondent–Appellee.

PRESENT: CALABRESI, KATZMANN, Circuit Judges, and POLLACK,* District Judge.

* The Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

SUMMARY ORDER

In 1998, in the New York State Supreme Court, Bronx County, Petitioner Franco and two co-defendants were charged with robbery and attempted murder in connection with an incident that took place in 1993. The victim, Michael Smith, had been attempting to sell a leather jacket in the vicinity of a building where the defendants were drinking beer. According to testimony at trial, Franco told two witnesses that he had taken the jacket from Mr. Smith, refused to return it, and then hit Mr. Smith over the head with a beer bottle. Then he and his co-defendants reportedly attacked the victim, beating him severely and dragging him down the steps of the building. Mr. Smith was found unconscious, with the jacket lying next to him. As a result of the beating, he entered a prolonged coma, and suffered brain damage that rendered him a permanent bilateral hemiplegic.

In 1998, a jury trial was conducted. The only issue certified to this court is the adequacy of the jury instructions given with respect to the robbery charges. The petitioner was charged with forcibly stealing the jacket that the victim was trying to sell, but now contends that he never had the intent permanently to deprive the victim of it. According to the trial transcript, the judge instructed the jury that robbery was defined as "forcible stealing," and that "a person steals property and therefore commits larceny or theft when with the intent to deprive another person of property or to appropriate the property to himself he wrongfully takes, obtains or withholds such property from an owner of it." The trial judge went on to define many of the elements of the crime, but did not define "deprive" or "appropriate." Petitioner's counsel did not contemporaneously object to the charge.[1]

The petitioner was convicted of two counts of Robbery in the First Degree, one count of Robbery in the Second Degree, and one count of Attempted Murder in the Second Degree, and is now serving two consecutive terms of 8 1/3 to 25 years in the New York Correctional System. His conviction was upheld by the Appellate Division, *People v. Franco*, 270 A.D.2d 160, 707 N.Y.S.2d 4 (1st Dep't 2000), and leave to appeal the order of the Appellate Division to the Court of Appeals was denied. 95 N.Y.2d 852, 714 N.Y.S.2d 3, 736 N.E.2d 864 (2000). After exhausting his direct appeal, Franco filed an application for a writ of error, *coram nobis*, in the First Department, alleging ineffective assistance of counsel. That application was denied on June 28, 2001. Shortly thereafter, petitioner timely filed an application for a writ of habeas corpus in the United States District Court for the Southern District of New York. The petition was dismissed and Franco was denied a certificate of appealability. We granted a certificate of appealability on one issue only: whether the trial court erred when it failed to include the definitions of "deprive" and "appropriate" in the jury charge on robbery.

We find that the petitioner's claim is procedurally defaulted. No contemporaneous objection to the charge was lodged, and the Appellate Division found that the issue was therefore unpreserved. *Franco*, 707 N.Y.S.2d at 6. We have previously held that New York State's contemporaneous objection requirement, N.Y.Crim. Pro. L. § 470.05(2), is an independent and ade-

---

1. Petitioner conceded at the Appellate Division that he had lodged no contemporaneous objection, but now attempts to persuade us that he did in fact do so. The record, however, does not sustain Franco's claim. The exception petitioner did make, and to which he points us, was not an objection to the charge, but rather to the fact that the judge identified the particular theory of the crime that the prosecution had offered in summation.

quate state ground that precludes habeas review. *See Garcia v. Lewis,* 188 F.3d 71, 82 (2d Cir.1999). Of course, as the Supreme Court has held, a petition is not barred if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). But the petitioner makes out no claim of cause, prejudice, or miscarriage of justice.[2] As a result, we agree with the district court that petitioner's claim was procedurally barred.

We have considered all of the petitioner's claims and find them meritless. We therefore AFFIRM the district court's dismissal of the petition.

---

**2.** In petitioner's reply brief, he for the first time asserted cause, prejudice, and actual innocence. That is not adequate, and in any case, his arguments are not persuasive. The

government has moved to strike the reply brief, but in view of the decision we make on the merits, that motion is denied as moot.