■ The People of the State of New York, Respondent, v John J. Popson III, Appellant. [812 NYS2d 194]—

Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 18, 2004, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant pleaded guilty to burglary in the second degree and was thereafter sentenced in accordance with a negotiated plea agreement to a 10½-year prison term. Defendant now appeals, seeking to have his sentence reduced. We affirm.

Initially, there is nothing in the record indicating that defendant's sentence—to which he agreed as part of the negotiated plea and which was well within the statutory parameters— was illegally imposed. Further, we reject defendant's challenge to the severity of his sentence. Although defendant waived his right to appeal in connection with his guilty plea, that waiver was not knowing, voluntary and intelligent because County Court failed to apprise defendant of the fact that, unlike the trial rights that are automatically forfeited upon pleading guilty, the right to appeal will survive a plea in the absence of a voluntary relinquishment (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]). Nevertheless, while defendant's challenge is properly before us, the record does not substantiate his claim that County Court failed to consider his psychological condition and there is no evidence of any abuse of discretion or extraordinary circumstances warranting a reduction of his sentence in the interest of justice (*see People v Archangel*, 272 AD2d 686, 687 [2000]).

Cardona, P.J., Mercure, Crew III, Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed.