■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH WOODS, Appellant. [856 NYS2d 302]—

Spain, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 30, 2007, convicting defendant upon her plea of guilty of the crime of criminal contempt in the first degree.

Defendant waived indictment and, pursuant to a negotiated agreement, pleaded guilty to a superior court information charging her with criminal contempt in the first degree. The plea agreement included a waiver of the right to appeal. Defendant thereafter was sentenced to time served plus five years of probation, and this appeal ensued.

Initially, we reject defendant's contention that the superior court information was jurisdictionally defective, a claim which survives a valid appeal waiver (*see People v Simmons*, 27 AD3d 786, 786-787 [2006], *lv denied* 7 NY3d 763 [2006]) and may be raised for the first time on appeal (*see People v Welch*, 46 AD3d 1228, 1229 [2007]). Even a cursory review of the superior court information—which expressly cited Penal Law § 215.51 (b) (iv)

---

and, hence, incorporated by reference allegations of all the elements of the crime charged—was sufficient to afford defendant fair notice of the charges against her (*see People v D'Angelo*, 98 NY2d 733, 735 [2002]; *People v Ray*, 71 NY2d 849, 850 [1988]; *People v Brickley*, 306 AD2d 551, 552-553 [2003], *lv denied* 100 NY2d 641 [2003]).

Defendant next argues that her plea allocution was factually deficient and that she did not validly waive her appeal rights. However, the record reflects that defendant was apprised of the separate and distinct nature of her right to appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *cf. People v Popson*, 28 AD3d 870, 871 [2006]), had discussed the appeal waiver with counsel prior to the plea and had an opportunity to confer with counsel during the plea (*cf. People v Riddick*, 40 AD3d 1259, 1259-1260 [2007], *lv denied* 9 NY3d 925 [2007]), and that she understood the nature of the right being forfeited (*cf. People v Edwards*, 37 AD3d 871, 872 [2007], *lv denied* 8 NY3d 945 [2007]). While it is clearly preferable for County Court to have also explicitly asked if she agreed to waive her appeal rights (*see People v Crowley*, 34 AD3d 866, 867 [2006], *lv denied* 7 NY3d 924 [2006]), we are persuaded, on the record before us, that defendant effected a valid waiver of the right to appeal. Such waiver, in turn, precludes her challenge to the factual sufficiency of her plea allocution (*see People v Ramirez*, 45 AD3d 1108 [2007]; *People v Jackson*, 39 AD3d 1089, 1090 [2007], *lv denied* 9 NY3d 845 [2007]). Were we to reach this issue, we would conclude that defendant's argument on this point is lacking in merit.

As to defendant's claims challenging the voluntariness of the plea, her failure to move to withdraw the plea or vacate the judgment of conviction renders these arguments unpreserved for our review (*see People v Jennings*, 46 AD3d 1029 [2007], *lv denied* 10 NY3d 766 [2008]; *People v Guthinger*, 36 AD3d 1075 [2007], *lv denied* 8 NY3d 923 [2007]). Moreover, the narrow exception to the preservation requirement is not triggered here inasmuch as defendant did not make statements during the plea allocution that cast any doubt upon either her guilt or the voluntariness of her plea or which otherwise tended to negate a material element of the crime charged (*see People v Riddick*, 40 AD3d at 1260; *People v Williams*, 25 AD3d 927, 929 [2006], *lv denied* 6 NY3d 840 [2006]). Accordingly, the judgment of conviction should be affirmed.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.