(October 8, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS R. MORALES, Appellant. [885 NYS2d 653]—

Malone Jr., J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered July 2, 2008, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

Defendant waived indictment and pleaded guilty to a superior court information charging him with attempted assault in the second degree. Pursuant to the plea agreement, defendant was thereafter sentenced to a term of 1 to 3 years in prison. Defendant now appeals.

We affirm. Defendant contends that the superior court infor-

mation was jurisdictionally defective in that it failed to allege that he committed acts constituting every material element of the crime charged. Inasmuch as the superior court information not only expressly cited to Penal Law §§ 110.00 and 120.05 (2), but also recited the required elements, the superior court information was jurisdictionally valid and defendant was provided fair notice of the charges against him (*see People v Cohen*, 52 NY2d 584, 587 [1981]; *People v Woods*, 51 AD3d 1061, 1061-1062 [2008], *lv denied* 11 NY3d 796 [2008]; *People v Brickley*, 306 AD2d 551, 553 [2003], *lv denied* 100 NY2d 641 [2003]). We are not persuaded by defendant's contention that the superior court information was required to identify the particular implement defendant used (*see* CPL 200.50 [7] [b]), inasmuch as attempted assault in the second degree is not considered an armed felony when, as here, it is committed with a weapon other than a firearm (*see* CPL 1.20 [41]; *see also People v Jiminez*, 165 AD2d 692, 692 [1990]). To the extent that defendant challenges the factual sufficiency of the superior court information, any claim with respect to such was waived by his guilty plea (*see People v Cohen*, 52 NY2d at 587; *People v Champion*, 20 AD3d 772, 774 [2005]).

Spain, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.