▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEEN M. MCDUFFIE, Appellant. [932 NYS2d 228]—

Stein, J.

Defendant assaulted the victim during an argument, as a result of which the victim sustained various physical injuries, including a broken jaw, broken nose, the loss of teeth and facial lacerations. When defendant, a sex offender, was arrested, it was discovered that he had failed to properly register an address change within 10 days, as required under the Sex Offender Registration Act (*see* Correction Law § 168-f [4]).

Defendant was charged by felony complaint with the crimes of attempted assault in the second degree and failure to register under the Sex Offender Registration Act. Following his arraignment, defendant waived his right to a preliminary hearing and

further waived indictment by a grand jury. Defendant pleaded guilty to both counts of the resulting superior court information and waived his right to appeal. He was thereafter sentenced, as a second felony offender, to an agreed upon term of 2 to 4 years in prison for his conviction of attempted assault in the second degree and to a concurrent term of 60 days on his conviction for failure to register under the Sex Offender Registration Act. Defendant now appeals and we affirm.

We disagree with defendant's contention—which survives his guilty plea and appeal waiver (*see People v Cohen*, 52 NY2d 584, 591 [1981, Gabrielli, J., concurring])—that the superior court information was jurisdictionally defective because it failed to allege material elements of the crimes charged therein (*see People v Ray*, 71 NY2d 849, 850 [1988]; *People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Champion*, 20 AD3d 772, 773 [2005]). Here, the charging instrument "incorporates by reference the statutory provision[s] applicable to the crime[s] intended to be charged . . . [and therefore] is sufficient to apprise the defendant of the charge[s]" (*People v Champion*, 20 AD3d at 774; *see generally People v Iannone*, 45 NY2d at 594-595). Accordingly, the superior court information is jurisdictionally valid. To the extent that defendant raises constitutional arguments relating to his right to be prosecuted by indictment—arguments which are also reviewable notwithstanding his guilty plea and waiver of the right to appeal—we find that defendant's waiver of indictment was proper in all respects and that any such arguments are without merit (*see* CPL 195.10 [1]; 195.20; NY Const, art I, § 6; *People v Zanghi*, 79 NY2d 815, 817 [1991]; *People v Davis*, 84 AD3d 1645, 1646 [2011], *lv denied* 17 NY3d 815 [2011]; *People v Brown*, 47 AD3d 1162, 1163 [2008], *lv denied* 10 NY3d 838 [2008]).

Defendant's challenge to his guilty plea is not preserved for our review as he did not move to withdraw his plea or to vacate the judgment of conviction (*see People v White*, 84 AD3d 1641, 1642 [2011]; *People v Miller*, 70 AD3d 1120, 1120 [2010], *lv denied* 14 NY3d 890 [2010]). Moreover, we are unpersuaded by his argument that the preservation exception applies, inasmuch as the record of the plea colloquy does not reveal any statements by defendant that would cast doubt upon his guilt or negate an essential element of the crimes to which he pleaded guilty (*see People v Mandiville*, 84 AD3d 1644, 1644 [2011]; *People v Richardson*, 83 AD3d 1290, 1291 [2011], *lv denied* 17 NY3d 821 [2011]; *People v Campbell*, 81 AD3d 1184, 1185 [2011]; *People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]).

We also reject defendant's argument that his appeal waiver was not knowingly, intelligently and voluntarily made. County Court adequately described the nature of the right to appeal and made it clear that such right was separate from the " 'panoply of trial rights automatically forfeited upon pleading guilty' " (*People v Thomas*, 71 AD3d 1231, 1231 [2010], *lv denied* 14 NY3d 893 [2010], quoting *People v Lopez*, 6 NY3d 248, 257 [2006]). Moreover, while defendant executed a written waiver of appeal outside of court, an adequate discussion regarding the waiver took place on the record, during which he acknowledged his signature on the written waiver, demonstrating appropriate judicial examination of defendant's knowing and voluntary decision to waive his right to appeal (*see People v McCaskill*, 76 AD3d 751, 752 [2010]; *compare People v Callahan*, 80 NY2d 273, 283 [1992]).

Defendant's valid waiver of the right to appeal precludes our consideration of his arguments with regard to sentencing (*see People v Spencer*, 79 AD3d 1454 [2010]; *People v Jennings*, 75 AD3d 999 [2010]). Defendant's remaining contentions have been reviewed and found to be without merit.

Rose, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.