Spain, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 22, 2011, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
Defendant was involved in a brutal attack and robbery of a man in a parking lot in the City of Albany on the evening of June 13, 2010. A grand jury handed up a five-count indictment jointly charging defendant and two codefendants with assault in the first degree (two counts), robbery in the first degree (two counts) and robbery in the second degree. Pursuant to a plea agreement, which also satisfied an unrelated robbery, defendant entered a guilty plea to a single count of first degree robbery, fully admitting his role in the charged crimes. Defendant also unqualifiedly waived his right to appeal his conviction and sentence, both orally during a thorough colloquy and in a written appeal waiver signed in open court. Sentenced to a 13-year term of imprisonment (one year less than the agreed-upon sentence) and five years of postrelease supervision, defendant now appeals.
Defendant’s primary contention is that the indictment was jurisdictionally defective because it did not include his name in the body of each count of the joint indictment. Defendant did not raise this specific claim in his pretrial motion to dismiss the indictment (see CPL 210.20 [2]; 210.25) and, thus, to the extent that it is a challenge to the sufficiency of the factual allegations in or facial validity of the indictment, it is a waivable defect which was not preserved for appellate review (see People v Hansen, 95 NY2d 227, 230-231 [2000]; People v Iannone, 45 NY2d 589, 600-601 [1978]; People v Halpin, 261 AD2d 647, 647 [1999], lv denied 93 NY2d 971 [1999]). Defendant argues that this claimed jurisdictional defect in the indictment may be raised for the first time on appeal and is not waived by a guilty plea or appeal waiver (see People v Hansen, 95 NY2d at 230; People v Iannone, 45 NY2d at 600; People v Simmons, 27 AD3d 786, 786-787 [2006], lv denied 7 NY3d 763 [2006]; People v Sayles, 292 AD2d 641, 642 [2002], lv denied 98 NY2d 681 [2002]). We disagree, as “an indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime ... [as where] the acts it accuses [the] defendant of performing simply do not constitute a crime, or . . . it fails to allege that a defendant committed acts constituting *1188 every material element of the crime charged” (People v Iannone, 45 NY2d at 600-601 [citation omitted]).
The indictment here satisfies the requirements of CPL 200.50 as to form and content. Each count contains a title correctly naming defendant and two codefendants; the body of every count effectively alleges each defendant’s commission of a designated offense at a date, time, place and in a manner specified. The title collectively denominates all three named codefendants as “defendant” rather than “defendants,” and the body of each count charges each “defendant” with the specified crime, thus adopting in the allegations of every count each named “defendant” in the title, without listing their individual names; this is, at most, a minor defect and not a jurisdictional defect (see People v Brothers, 66 AD2d 954, 954-955 [1978]; Downey v Hale, 67 F2d 208, 208 [1st Cir 1933], cert denied 291 US 662 [1934]; Franco v Walsh, 2002 WL 596355, *11, 2002 US Dist LEXIS 6852, *32-33 [SD NY 2002], affd 73 Fed Appx 517 [2d Cir 2003]). The CPL does not require that a defendant’s individual name be set forth in each count of the indictment where, as here, the defendant’s name is included in the title and it is clear that the count alleges the defendant’s commission of the specified crime (see CPL 200.50 [7] [a]; Downey v Hale, 67 F2d at 208; People v Brothers, 66 AD2d at 955; People v Muhammad, 2009 NY Slip Op 31474[U] [Sup Ct, Kings County 2009]; People v Bush, 2008 NY Slip Op 30412[U] [Sup Ct, Kings County 2008]; People ex rel. Cotterell v Graham, 2007 NY Slip Op 31856[U] [Sup Ct, Kings County 2007]).
Defendant’s assertion that the counts of the indictment failed to detail the specific role he played in these crimes is an unpreserved challenge to the sufficiency of the factual allegations that defendant waived by his guilty plea and appeal waiver; it is not a nonwaivable fatal defect (see People v Iannone, 45 NY2d at 600-601). “The People are not required to specify in an indictment whether a defendant is being charged as a principal or as an accomplice. For charging purposes, the distinction ... is academic” (People v Guidice, 83 NY2d 630, 637 [1994]; see People v Rivera, 84 NY2d 766, 769, 771 [1995]). Moreover, defendant in fact requested this information, which the People supplied in their answers to the bill of particulars, specifying that they intended to prove that defendant acted both as a principal and as an accomplice (see CPL 200.95 [1]). Thus, the indictment fulfilled the statutory mandates (see CPL 200.50) as well as the purposes of an indictment, including fair notice of the accusations against defendant so that he could prepare a defense (see People v Iannone, 45 NY2d at 594-595, 598-599).
*1189 Defendant’s claims that he was ineffectively represented by counsel do not implicate the voluntariness of his guilty plea and, thus, are precluded by his valid waiver of appeal (see People v Speranza, 96 AD3d 1164, 1165 [2012]). In any event, counsel’s failure to challenge the sufficiency of the indictment was not deficient, as the indictment is demonstrably sufficient, and failure to make an argument “that has little or no chance of success” cannot be faulted (People v Caban, 5 NY3d 143, 152 [2005]). Likewise, given that defendant’s prior felony conviction (People v Young, 94 AD3d 1291 [2012], lv denied 19 NY3d 1030 [2012]) precluded youthful offender status, counsel’s failure to pursue that status was appropriate (see CPL 720.10 [2]). Finally, defendant’s challenge to the sentence as harsh and excessive is foreclosed by his valid guilty plea and waiver of appeal (see People v Lopez, 6 NY3d 248, 255 [2006]). Defendant’s remaining contentions lack merit.
Rose, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.