Kavanagh, J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered July 21, 2011, convicting defendant upon her plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information (hereinafter SCI) charging her with attempted criminal sale of a controlled substance in the third degree. She pleaded guilty to this charge and waived her right to appeal. She was thereafter sentenced, in accordance with the plea agreement, to five years of probation. Defendant appeals.
Defendant’s sole contention is that the SCI is jurisdictionally defective because it does not contain sufficient factual allegations of the material elements of the crime in question. Preliminarily, we note that this claim is not precluded by defendant’s waiver of her right to appeal or her guilty plea (see People v McDuffie, 89 AD3d 1154, 1155 [2011], lv denied 19 NY3d 964 [2012]; People v Binns, 82 AD3d 1449, 1450 [2011]). Nevertheless, we find it to be without merit. A charging instrument that incorporates by reference the statutory provisions applicable to the crime charged has been held to allege the material elements of the crime sufficiently to survive a jurisdictional challenge (see *1190 People v D'Angelo, 98 NY2d 733, 734-735 [2002]; People v Mitchell, 94 AD3d 1252, 1252-1253 [2012], lv denied 19 NY3d 964 [2012]; People v Binns, 82 AD3d at 1450; People v Downs, 26 AD3d 525, 526 [2006], lv denied 6 NY3d 847 [2006]). Here, not only does the SCI specifically refer to Penal Law §§ 110.00 and 220.39 (1), but it also contains factual references to the date and location of the incident as well as the specific drug involved. Accordingly, there is no jurisdictional defect and defendant is precluded by her guilty plea from otherwise challenging the factual sufficiency of the SCI (see People v Morales, 66 AD3d 1083, 1084 [2009]).
Rose, J.R, Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.