■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. MARTINEZ, Appellant. [966 NYS2d 562]—

Stein, J. Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered September 28, 2011, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fourth degree and welfare fraud in the fifth degree.

In June 2011, defendant waived indictment and agreed to prosecution by a superior court information charging him with criminal sale of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fourth degree and welfare fraud in the fifth degree. Pursuant to a negotiated plea agreement, he pleaded guilty to all charges and waived his right to appeal. Defendant was thereafter sentenced in accordance with the plea agreement, as a second felony drug offender, to seven years in prison and three years of postrelease supervision on each drug conviction and one year in jail on the welfare conviction, to run concurrently. Defendant now appeals.

We affirm. Defendant's claim that the third count of the superior court information—charging him with welfare fraud in the fifth degree—is jurisdictionally defective survives his guilty plea and waiver of appeal (see *People v Kamburelis*, 100 AD3d 1189, 1189-1190 [2012]; *People v Hurell-Harring*, 66 AD3d 1126, 1127 n 1 [2009]). Nonetheless, inasmuch as the information specifically refers to Penal Law § 158.05 (1) and charges that defendant "did commit a fraudulent welfare act and thereby takes or obtains public assistance benefits," it apprises

defendant of the charges and is, therefore, sufficient to survive a jurisdictional challenge (*see People v Kamburelis*, 100 AD3d at 1189-1190; *People v McDuffie*, 89 AD3d 1154, 1155 [2011], *lv denied* 19 NY3d 964 [2012]). To the extent that he challenges the factual sufficiency of the superior court information with respect to the welfare charge, such contention is unpreserved by his failure to timely object and is further precluded by his guilty plea (*see People v Young*, 100 AD3d 1186, 1188 [2012]; *People v Quinones*, 51 AD3d 1226, 1227 [2008], *lv denied* 10 NY3d 938 [2008]). Defendant's remaining contentions, including his challenge to the severity of his sentence, are precluded by his valid waiver of the right to appeal his conviction and sentence (*see People v Boone*, 101 AD3d 1358, 1359 [2012], *lv denied* 20 NY3d 1096 [2013]; *People v Anderson*, 99 AD3d 1034, 1035 [2012], *lv denied* 20 NY3d 1009 [2013]).

Peters, P.J., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.