Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  July 17, 2014                    105243
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                              MEMORANDUM AND ORDER

LANCE N. PATTERSON, Also
    Known as BANKS,
                    Appellant.
_____

Calendar Date:  June 3, 2014

Before:  Peters, P.J., Garry, Rose, Egan Jr. and Clark, JJ.

                    _____


        M. Elizabeth Coreno, Saratoga Springs, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A.
Douthat of counsel), for respondent.

                    _____


Garry, J.

        Appeal from a judgment of the County Court of Clinton
County (McGill, J.), rendered July 16, 2012, convicting defendant
upon his plea of guilty of the crime of criminal sale of a
controlled substance in the fourth degree (two counts).

        In satisfaction of a four-count indictment stemming from
the sale of cocaine on two occasions, defendant entered a guilty
plea to two reduced counts of criminal sale of a controlled
substance in the fourth degree pursuant to a negotiated plea
agreement that included a waiver of appeal and of the right to
seek postconviction relief.  He was sentenced, as agreed, to
concurrent seven-year prison terms followed by two years of
postrelease supervision.  Defendant appeals.

Upon review of the record, including the plea colloquy and written waiver of appeal, we find that there is an insufficient basis upon which to conclude that defendant's waiver of his right to appeal was knowing, voluntary and intelligent, as neither adequately conveyed "that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Bressard, 112 AD3d 988, 988 [2013], lv denied 22 NY3d 1137 [2014]; People v Bouton, 107 AD3d 1035, 1036 [2013], lv denied 21 NY3d 1072 [2013]). Further, although the written waiver bears the same date as the plea proceeding, it was not mentioned during the plea or sentencing proceedings, it was not executed by his counsel, and there was no "attempt by the court to ascertain on the record an acknowledgment from defendant that he had, in fact, signed the waiver or that, if he had, he was aware of its contents" (People v Callahan, 80 NY2d 273, 283 [1992]; see People v Elmer, 19 NY3d 501, 510 [2012]; People v Bradshaw, 18 NY3d at 265; cf. People v McDuffie, 89 AD3d 1154, 1156 [2011], lv denied 19 NY3d 964 [2012]).

Addressing the merits, we are not persuaded by defendant's contention that his sentence was harsh and excessive. The plea agreement permitted him to plead guilty to two reduced counts of the four upon which he was indicted, and to obtain concurrent, rather than consecutive, sentences of shorter duration than the maximum allowed upon the charges as reduced. The plea agreement did not include a promise by County Court to recommend the Willard Drug Treatment Program; the People opposed such treatment and, ultimately, following review of the presentence investigation, County Court determined that it would not be appropriate (see People v Tallman, 92 AD3d 1082, 1083 [2012], lv denied 20 NY3d 1065 [2013]). As defendant received the promised sentence, and the record fails to establish the presence of extraordinary circumstances or an abuse of sentencing discretion, we decline to reduce the sentence in the interest of justice (see People v Ladieu, 105 AD3d 1265, 1266 [2013], lv denied 21 NY3d 1017 [2013]).

Finally, it is apparent upon review that there is a

clerical error in the uniform sentence and commitment form, as it indicates that defendant was sentenced as a second felony offender (see Penal Law § 70.06 [3] [c]; [4] [b]), rather than as a second felony drug offender (see Penal Law § 70.70 [3] [b] [ii]), and it must be amended accordingly (see People v Vasavada, 93 AD3d 893, 894 [2012], lv denied 19 NY3d 978 [2012]; compare People v Whalen, 101 AD3d 1167, 1170 [2012], lv denied 20 NY3d 1105 [2013]).

Peters, P.J., Rose, Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.

ENTER:

Robert D. Mayberger
Clerk of the Court