People v Guidry (2018 NY Slip Op 00869)





People v Guidry


2018 NY Slip Op 00869


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

108343

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RICKY C. GUIDRY, Appellant.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant.
Karen Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered March 3, 2016, convicting defendant upon his plea of guilty of the crime of aggravated family offense.
Defendant waived indictment and agreed to be charged in a superior court information (hereinafter SCI) with the crime of aggravated family offense after he assaulted his girlfriend. He pleaded guilty to this crime and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 1&frac13; to 3 years in prison. He now appeals.
Defendant contends, among other things, that the SCI is jurisdictionally defective because it did not allege the material elements of the crime of aggravated family offense and was filed after he had already entered his guilty plea. As the People concede, defendant's jurisdictional challenges are not precluded by his guilty plea and waiver of the right to appeal (see People v Seals, 135 AD3d 985, 987 [2016]; People v Martinez, 106 AD3d 1379, 1379 [2013], lv denied 22 NY3d 957 [2013]). We find, however, that they are lacking in merit. "A charging instrument that incorporates by reference the statutory provisions applicable to the crime charged has been held to allege the material elements of the crime sufficiently to survive a jurisdictional challenge" (People v Kamburelis, 100 AD3d 1189, 1189-1190 [2012] [citations omitted]; see People v McDuffie, 89 AD3d 1154, 1155 [2011], lv denied 19 NY3d 964 [2012]; [*2]People v Morales, 66 AD3d 1083, 1084 [2009]). Here, the SCI alleged that on June 10, 2015 in the City of Saratoga Springs, Saratoga County, defendant committed the crime of assault in the third degree under Penal Law § 120.00 (1), a specified offense as defined in CPL 240.75 (2) — the statute addressing the crime of aggravated family offense — against a member of the same family or household as defined in CPL 530.11 (1). These allegations were sufficient, and it was not necessary for the SCI to also contain allegations concerning the specific relationship that defendant had with the victim. Furthermore, although the SCI bore a date that was one day after the date that defendant entered his guilty plea, this appears to have been a clerical error, as the transcript of the plea proceedings discloses that the SCI was before County Court at the time that defendant pleaded guilty to the allegations contained therein, and the waiver of indictment and order approving it bore the date that the plea was entered [FN1]. Consequently, we do not find that the SCI was jurisdictionally defective.
Defendant further contends that his guilty plea was not knowing, voluntary and intelligent. Although this claim survives defendant's waiver of the right to appeal (see People v Davis, 150 AD3d 1396, 1397 [2017], lv denied 30 NY3d 1018 [2017]; People v McRae, 150 AD3d 1328, 1329 [2017], lv denied 29 NY3d 1093 [2017]), it has not been preserved for our review as the record does not reveal that defendant made an appropriate postallocution motion (see People v Millard, 147 AD3d 1155, 1156 [2017], lv denied 29 NY3d 999 [2017]; People v Woods, 147 AD3d 1156, 1156-1157 [2017], lv denied 29 NY3d 1089 [2017]). Furthermore, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Dubois, 150 AD3d 1562, 1563 [2017]). While defendant made a statement during the presentence investigation suggesting that he acted in self-defense, County Court confirmed at sentencing that defendant was not raising an issue of self-defense and that he did in fact assault the victim. Therefore, we decline to disturb the judgment of conviction.
McCarthy, J.P., Devine, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: It is to be noted that this is the second SCI that was filed. The parties agreed that the first SCI was jurisdictionally defective and, therefore, defendant's prior guilty plea to the allegations contained therein was vacated.