OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was arrested in May 1995 and after a jury trial was convicted of three drug-related crimes, including one count of criminal possession of a controlled substance in the fourth degree, based on defendant’s possession of slightly more than one-eighth ounce of cocaine
 
 (see,
 
 Penal Law § 220.09 [1]). During the trial, the People introduced certificates of defendant’s three prior cocaine-related convictions, as evidence of his knowledge of the weight of the cocaine. Defendant contends that, before trial, he offered to concede his knowledge of the weight of the cocaine, which was an element of the crime at the time of arrest
 
 (but see,
 
 L 1995, ch 75), that this concession negated any need to inform the jury about his prior convictions, and that the trial court erroneously refused to accept it.
 

 The Appellate Division, in affirming, relied on the holding of
 
 People v Hills
 
 (140 AD2d 71, 79) that “[notwithstanding [a] stipulation, every element has to be charged and submitted to the jury.” We cannot and do not pass on the correctness of that conclusion in this case, however, because defendant’s trial counsel, in fact, never effectively conceded the issue of defendant’s knowledge of the weight of the cocaine or definitively offered to stipulate as to that element of the crime charged. Under these circumstances, it cannot be said that the
 
 *988
 
 trial court abused its discretion as a matter of law in permitting the People to offer defendant’s prior drug sale convictions as evidence.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick, Wesley and Rosenblatt concur; Judge Levine taking no part. Order affirmed in a memorandum.