■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COSBY, Appellant. [708 NYS2d 58] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J., at hearing; William Donnino, J., at jury trial and sentence), rendered March 29, 1994, convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 25 years to life and 5 to 15 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility, and find the evidence against defendant to be overwhelming.

The court properly exercised its discretion in denying defendant's motion for a mistrial or for individual questioning of the jurors concerning the effect of defendant's courtroom disruptions. The court's questioning of the jurors concerning their ability to remain impartial, during which the court solicited a show of hands to specific questions, and its prompt curative instructions, were appropriate, and the court properly declined to reward defendant's violent and disruptive conduct with a mistrial (*see, People v Mabre*, 166 AD2d 339, 340, *lv denied* 77 NY2d 879).

The court properly exercised its discretion in denying defendant's application for substitution of newly retained counsel, made near the end of the People's case in this lengthy trial. The application was unsupported by a showing of good cause, and substitution would have resulted in an unwarranted and prolonged delay while new counsel prepared the case (*see, People v Sides*, 75 NY2d 822, 824). The court properly rejected the new attorney's attacks on trial counsel's preparation and performance (*see, People v Garcia*, 250 AD2d 421, *lv denied* 92 NY2d 897). Furthermore, the court made a specific finding, based in part on the new attorney's demeanor, in which it discredited the attorney's assertion that he was prepared to step in at this late stage and immediately familiarize himself with the case by reading the transcripts, and we see no reason to disturb that finding.

Defendant's ineffective assistance claim would require the record to be expanded by way of a CPL 440.10 motion, because it concerns matters of strategy and contains factual assertions dehors the record as to such matters as counsel's consultations with defendant. On the record before us, we find that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714; *see, People v Hobot*, 84 NY2d 1021, 1024).

The court properly exercised its discretion in admitting a videotape that showed defendant and the main identifying witness at the same social gathering. The evidence was relevant to the issue of the witness's acquaintance with defendant and ability to identify him, and defendant has failed to demonstrate any countervailing prejudice (*see, People v Scarola*, 71 NY2d 769, 777).

We perceive no abuse of sentencing discretion, and find that the sentence was based entirely on appropriate criteria.

Defendant's remaining contentions, all of which are subject to normal preservation requirements, are unpreserved and we decline to review them in the interest of justice. Were we to

review these claims, we would reject them. Concur—Williams, J. P., Mazzarelli, Rubin, Buckley and Friedman, JJ.