■ The People of the State of New York, Respondent, v Miguel Nieves, Appellant. [737 NYS2d 73] —Judgment, Supreme Court, Bronx County (Caesar Cirigliano, J.), rendered September 18, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, and sentencing him to three concurrent terms of 3 to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence warranted the conclusion that, as part of their drug-selling enterprise, defendant and the codefendant jointly possessed the additional drugs found on the ground in a small brown paper bag (*People v Tirado*, 38 NY2d 955; *People v Dean*, 200 AD2d 582, *lv denied* 83 NY2d 871).

The nonprerecorded money recovered from defendant upon his arrest was properly admitted into evidence since it was relevant to the charge of possession with intent to sell (*see, People v Brooks*, 234 AD2d 149, *lv denied* 89 NY2d 1009). The comments made by the prosecutor concerning defendant's possession of the money were properly responsive to defense counsel's summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

The court properly exercised its discretion in denying defendant's application for an adjournment to secure the presence of an alibi witness. Defendant failed to demonstrate that

good faith efforts were made to locate the witness or that the witness would be located and would appear following the adjournment (see, People v Foy, 32 NY2d 473, 478). Moreover, the testimony of such witness would have been cumulative since defendant called another alibi witness at trial who testified to the particular facts in issue. Accordingly, there was no violation of defendant's right to present a defense.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.