■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY BLIGEN, Appellant. [826 NYS2d 30]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered January 6, 2005, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and seventh degrees, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and 1 year, respectively, unanimously affirmed.

The court properly admitted $187 recovered from defendant at the time of his arrest because this evidence was relevant to intent to sell, an essential element of several of the charges in the indictment (*see e.g. People v Nieves*, 290 AD2d 371 [2002]). Although defendant asserts on appeal that intent to sell was not at issue on trial, defendant never conceded this element, and he raised the issue in summation (*see People v Robinson*, 93 NY2d 986 [1999]). Moreover, even if defendant had expressly conceded that element, his concession would not necessarily have precluded the People from introducing this evidence (*see People v Hills*, 140 AD2d 71, 77-81 [1988], *lv denied* 73 NY2d 855 [1988]; *cf. Old Chief v United States*, 519 US 172 [1997]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ.