■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY A. MOORE, Appellant. (Appeal No. 1.) [837 NYS2d 480]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered May 6, 2005. The judgment convicted defendant, upon a jury verdict, of sodomy in the first

degree, attempted sodomy in the first degree, attempted rape in the first degree, sexual abuse in the first degree (four counts), endangering the welfare of a child (five counts), and forcible touching (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of forcible touching and dismissing counts 7, 10, and 14 of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, sodomy in the first degree (Penal Law § 130.50 [4]), attempted rape in the first degree (§§ 110.00, 130.35 [4]), four counts of sexual abuse in the first degree (§ 130.65 [1]), and three counts of forcible touching (§ 130.52 [2]). Defendant's contention with respect to the denial of effective assistance of counsel is based upon defense counsel's alleged failure to provide an adequate alibi defense, including, inter alia, the alleged failure to locate and interview potential defense witnesses. Defendant's contention largely "turn[s] on matters that are not reflected in the record [and is therefore] not reviewable on direct appeal and would require a further record to be developed by way of a CPL 440.10 motion" (*People v Lopez*, 28 AD3d 234, 235 [2006], *lv denied* 7 NY3d 758 [2006]; *see People v Cosby*, 271 AD2d 353, 354 [2000], *lv denied* 95 NY2d 904 [2000]). On the record before us, we cannot agree with defendant that defense counsel failed to provide an adequate alibi defense (*see generally People v Benevento*, 91 NY2d 708, 712-714 [1998]). Although defendant contends that defense counsel was ineffective in failing to file a notice of alibi and to request an alibi charge, we note that defendant's wife was permitted to testify concerning defendant's whereabouts on the night of the alleged first offense and that Supreme Court's charge, taken as a whole, adequately informed the jury that the burden of proof was on the People at all times, including on the issue whether defendant was the person who had sodomized the victim (*see People v Green*, 31 AD3d 1048, 1050-1051 [2006], *lv denied* 7 NY3d 902 [2006]).

Defendant further contends that reversal is required based on the court's failure to make an inquiry with respect to defendant's request for substitution of counsel. "[T]he failure to make a minimal inquiry [into defendant's reasons for requesting substitution of counsel] does not mandate reversal when a defendant's request is based on . . . assertions that do not suggest a serious possibility of good cause for substitution" (*People v Frayer*, 215 AD2d 862, 863 [1995], *lv denied* 86 NY2d 794

[1995]; *see People v Stevenson*, 36 AD3d 634 [2007]). Here, defendant's request was based upon defense counsel's failure to file a certain motion, and the record establishes that defense counsel filed that motion. Thus, there was no longer any suggestion of a serious possibility of a genuine conflict of interest, and the court did not err in failing to make a minimal inquiry.

We further reject the contention of defendant that the court erred in denying his request for an adjournment to obtain the testimony of a witness. Defendant failed to demonstrate that a diligent and good faith attempt was made to procure the presence of the witness at trial (*see People v Nieves*, 290 AD2d 371, 371-372 [2002]; *People v Perez*, 249 AD2d 492, 493 [1998], *lv denied* 92 NY2d 903 [1998]), that the witness would in fact appear following the adjournment (*see Nieves*, 290 AD2d at 371-372), and that the witness could be produced within a reasonable period of time (*see People v McCray*, 284 AD2d 111 [2001], *lv denied* 96 NY2d 921 [2001]). Also lacking in merit is defendant's contention that the indictment and bill of particulars lacked the necessary specificity required because they alleged acts that occurred "on or about August 3-31, 2002 at an unknown time," "on or about November 1-30, 2003 at an unknown time" and "on or about December 1-31, 2003 at an unknown time." "[I]t previously has been held in similar situations that given the age of the victim, the time between the commission of the crimes and the date of the report of the crimes and the fact that time was not a material element of the crimes charged, the counts of the indictment [as supplemented by the bill of particulars] were adequate to comport with due process" (*People v Humphrey*, 30 AD3d 766, 767 [2006], *lv denied* 7 NY3d 813 [2006]; *see People v Oglesby*, 12 AD3d 857, 858-859 [2004], *lv denied* 5 NY3d 792 [2005]; *People v Khatib*, 166 AD2d 668, 668-669 [1990]).

We further reject the contention of defendant that his right of confrontation was denied when the court limited defense counsel's cross-examination of the victim concerning her relationship with her parents. The relationship between the victim and her parents has no bearing on the issue whether the victim truthfully confided in her uncle with respect to defendant's conduct. The court has broad discretion to restrict a defendant from cross-examining a witness on matters that are "irrelevant to any issue to be considered by the jury" (*People v Nunez*, 7 AD3d 298, 299 [2004], *lv denied* 3 NY3d 679 [2004]), and we conclude under the circumstances of this case that defendant's right of confrontation was not violated (*see id.*). We also reject the contention of defendant that he was denied a fair trial based

on prosecutorial misconduct on summation. The prosecutor's comments were not "so egregious" as to warrant reversal (*People v Mott*, 94 AD2d 415, 418 [1983]), nor did they cause "such substantial prejudice to the defendant that he [was] denied due process of law" (*id.* at 419).

The sentence is not unduly harsh or severe. We agree with defendant, however, that counts 7, 10, and 14 of the indictment, charging him with forcible touching, are lesser inclusory concurrent counts of counts 6, 9, and 13 of the indictment, charging him with sexual abuse in the first degree (*see People v Robertson*, 217 AD2d 989, 990 [1995], *lv denied* 86 NY2d 846 [1995]). Although the People are correct that defendant's contention is unpreserved for our review, preservation is not required (*see id.*), and counts 7, 10, and 14 must be dismissed as a matter of law because "a verdict of guilty upon the greater [count] is deemed a dismissal of every lesser [inclusory concurrent count]" (*People v Lee*, 39 NY2d 388, 390 [1976]; *see* CPL 300.40 [3] [b]). To the extent that prior decisions of this Court require preservation (*see e.g. People v Givens*, 284 AD2d 997 [2001], *lv denied* 97 NY2d 641 [2001]; *People v Dunbar*, 275 AD2d 968 [2000], *lv denied* 96 NY2d 734 [2001]; *People v Slater*, 270 AD2d 925 [2000], *lv denied* 95 NY2d 858 [2000]), they are no longer to be followed. We therefore modify the judgment accordingly. Present—Martoche, J.P., Smith, Lunn, Fahey and Peradotto, JJ.