■ The People of the State of New York, Respondent, v Richard Reyes, Appellant. [922 NYS2d 339]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered January 14, 2009, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to an aggregate term of 3½ years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. In this observation sale case, the officer's testimony was corroborated by the recovery of a significant amount of drugs, with distinctive markings on their packaging, from defendant.

Defendant claims his counsel provided ineffective assistance by not requesting the court to charge seventh-degree possession as a lesser included offense. That claim is unreviewable on direct appeal because it involves matters of strategy outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). We do not find it unreasonable per se for an attorney to concede a defendant's guilt of conduct that would constitute a lesser included offense while still seeking to avoid a conviction of any offense. Nevertheless, any facts which may

have supported the decision to seek a complete acquittal are dehors the record (*cf. People v Colville*, 79 AD3d 189 [2010] [counsel reasonably accepted client's decision not to request lesser-included offenses]). A fortiori, so are any facts that would support a reversal based on ineffective assistance.

The court's *Sandoval* ruling, which precluded the People from identifying the nature of defendant's felony convictions, and only permitted them to expose the fact that he had been convicted of three felonies, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Manzanet-Daniels, JJ.