Judgment, Supreme Court, Bronx County (Analisa Torres, J), rendered June 29, 2009, as amended July 17, 2009, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second and third degrees, criminally using drug paraphernalia in the second degree and unlawful possession of marijuana, and sentencing him to an aggregate term of six years, with five years’ postrelease supervision, affirmed.
Defendant contends he was deprived of effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]) when his attorney did not move during trial to reopen a suppression hearing based on new evidence, belatedly disclosed by the prosecution, that the attorney used in an effort to discredit the arresting officer’s testimony at trial. The new evidence consisted of photographs of the car defendant was driving when stopped by the police; the photographs arguably contradicted the police testimony that the windows were highly tinted in violation of the Vehicle and Traffic Law. Instead, counsel did not raise the issue until he moved to set aside the verdict pursuant to CPL 330.30 (1).
In its decision denying defendant’s motion to set aside the verdict, the trial court stated that the photos “contradict the officer’s description of both vehicles, and cast serious doubt on his credibility.” It further indicated that “[t]he potential impeachment value of the photographs [was] obvious and the prosecution erred in not disclosing them beforehand.” Nevertheless, the court denied the motion because the issue should have been raised by a motion during trial to reopen the suppression hearing. The court indicated that had counsel so moved, it “would have granted the application and re[ ]opened the hearing.” Al *520 though there had not yet been any record made as to why counsel failed to do so, the court concluded that “[defendant waived his right to a hearing on these issues, when he made the strategic decision not to move to re[ ]open the hearing or seek any other remedy at the time he found out about the pictures.” The court’s characterization of defense counsel’s failure to ask the court to reopen the suppression hearing as a “strategic decision” was not based on anything appearing in the then-existing record. Indeed, it is unclear how the court could conclude at that juncture that this oversight was a conscious decision at all, let alone strategic. It was only when the case came on for sentencing, after the court’s decision finding that the issue had been strategically waived, that counsel stated, for the first time, “there was a strategy in not” moving to reopen the hearing because he was concerned he would “lose that jury” and the witness “was on the ropes” and therefore the jury would acquit defendant.
The issue of effective assistance of counsel is generally not reviewable on direct appeal, because it involves facts dehors the record, such as trial counsel’s strategy (People v Reyes, 84 AD3d 426 [1st Dept 2011], lv denied 18 NY3d 927 [2012]). Accordingly, a defendant who seeks to bring an ineffective assistance of counsel claim usually must first expand the record by way of a CPL 440.10 motion before this Court can consider it (People v Cosby, 271 AD2d 353, 354 [1st Dept 2000], lv denied 95 NY2d 904 [2000]). However, there are rare instances where the full record is sufficient to resolve the issue of counsel’s effectiveness without a 440.10 motion (see e.g. People v Brown, 45 NY2d 852 [1978]). This is not one of those rare cases.
In Brown, the Court of Appeals held that on that case’s record it was “beyond cavil” that defense counsel was ineffective “throughout the prosecution” (45 NY2d at 853). However, it went on to state, “in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10” (id. at 853-854).
Here, the record is ambiguous and it is not “beyond cavil” that counsel was ineffective or effective. The extant record potentially supports a finding that counsel fundamentally misunderstood the necessity of making the motion to reopen the suppression hearing during trial, rather than waiting for a motion to set aside the verdict, in the event of a conviction. Defense counsel’s remarks at sentencing, seemingly prompted by the court’s denial of the motion to set aside the verdict, were a *521 belated attempt to explain counsel’s failure to move to reopen the hearing. Whether defense counsel was effective or not necessarily requires an evaluation of the credibility and logic of the proffered explanation, that defense counsel was afraid he would “lose that jury” and that he believed the witness “was on the ropes.” Although defense counsel may have genuinely been hopeful that the jury would acquit his client, this explanation cannot be accepted at face value. After all, as the trial court’s decision indicates, had defense counsel timely moved to reopen the suppression hearing, the application would have been granted, and the court could have quickly ruled upon it while giving the jury a short recess. The “witness” referred to was the arresting officer, and was available. On the other hand, there may have been legitimate concerns about the jury undeveloped on this record. In short, we cannot decide on the extant record whether defense counsel’s failure to move to reopen the hearing was truly “strategic.”
Given that the existing record does not permit meaningful review of defense counsel’s representation, we are compelled to affirm the conviction without prejudice to further proceedings in the trial court pursuant to CPL 440.10. Concur — Sweeny, Manzanet-Daniels, Feinman and Clark, JJ.