■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DOWNS, Appellant. [807 NYS2d 743]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 20, 2003, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

Defendant pleaded guilty to attempted criminal possession of a weapon in the third degree in satisfaction of an indictment charging him with criminal possession of a weapon in the third degree. County Court imposed the agreed-upon prison sentence of 1½ to 3 years. On defendant's appeal, we affirm.

The indictment was not jurisdictionally defective. An indictment count which incorporates by reference the statutory provision applicable to the charged crime sufficiently alleges all of the elements of that crime, rendering the count valid (*see People v D'Angelo*, 98 NY2d 733, 735 [2002]; *People v Champion*, 20 AD3d 772, 774 [2005]). The indictment here directly referenced Penal Law § 265.02 (1), and defendant's plea waived any challenge to the specificity of the indictment's factual allegations (*see People v Gauthier*, 246 AD2d 928, 928-929 [1998], *lv denied* 92 NY2d 852 [1998]). Defendant's plea also waived the procedural defect of the prosecutor's failure to file with the indictment a special information alleging a prior conviction as required by CPL 200.60 (*see People v DiCarluccio*, 168 AD2d 509, 510 [1990], *lv denied* 77 NY2d 877 [1991]; *People v Gill*, 109 AD2d 419, 420 [1985]).

Contrary to defendant's argument, "a person can criminally attempt to possess a weapon" (*People v Saunders*, 85 NY2d 339, 341 [1995]). Regardless, "a defendant may plead guilty to a nonexistent crime in satisfaction of an indictment charging a crime for which a greater penalty may be imposed" (*People v Guishard*, 15 AD3d 731, 732 [2005], *lv denied* 5 NY3d 789 [2005]). Here, defendant validly pleaded guilty to a class E felony in satisfaction of an indictment for a class D felony, thereby obtaining a lesser sentence.

Defendant failed to preserve for our review his challenge to the voluntariness of his plea by failing to either move to withdraw the plea or vacate the judgment of conviction, and no exception to the preservation rule is applicable here (*see People v Bonet*, 15 AD3d 730, 730 [2005], *lv denied* 4 NY3d 851 [2005]). We reject his constitutional argument that his agreed-upon sentence, the minimum permissible for a second felony offender, was so grossly disproportionate to the crime as to constitute cruel and unusual punishment (*compare People v Thomas*, 2 AD3d 982, 984 [2003], *lv denied* 1 NY3d 602 [2004]; *People v Soto-Rodriguez*, 184 AD2d 970, 971 [1992], *lv denied* 80 NY2d 934 [1992]). Likewise, the sentence was not harsh or excessive

(see *People v Montgomery,* 21 AD3d 1148 [2005]; *People v Hadden,* 158 AD2d 856, 857 [1990], *lv denied* 76 NY2d 847 [1990]).

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.