THIRD DEPARTMENT, JULY, 2010

(July 1, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD C. BROWN, Appellant. [903 NYS2d 825]—Malone Jr., J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered November 21, 2008, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, a prison inmate, was indicted and charged with promoting prison contraband in the first degree after he admitted to the correction officer who was processing his personal property that he was missing a cellular phone and charger. He thereafter moved to dismiss the indictment contending, among other things, that the cellular phone did not constitute "[d]angerous contraband" within the meaning of Penal Law § 205.00 (4) and *People v Finley* (10 NY3d 647 [2008]). Following County Court's denial of that motion, defendant pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced as a second felony offender to a prison term of 1½ to 3 years. This appeal ensued.

We affirm. As a threshold matter, defendant's challenge to the factual sufficiency and/or voluntariness of his plea is unpre-

served for our review due to defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Bethel*, 69 AD3d 1126, 1127 [2010]; *People v Scitz*, 67 AD3d 1251 [2009]; *People v Harris*, 51 AD3d 1335, 1336 [2008], *lv denied* 11 NY3d 789 [2008]). Contrary to defendant's assertion, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the course of the plea allocution that negated an essential element of the crime or otherwise cast doubt upon his guilt (*see People v Grant*, 60 AD3d 1202, 1202-1203 [2009]; *People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]). Notably, when asked to describe the conduct underlying the plea, defendant stated, "I attempted to possess a [*sic*] dangerous contraband in prison, a cell phone." Defendant's characterization of the cellular phone as dangerous renders this matter distinguishable from our prior decision in *People v Pagan* (36 AD3d 1163 [2007]).*

To the extent that defendant challenges the sufficiency of the indictment itself, we find that defendant forfeited this claim by pleading guilty. While a defendant's guilty plea does not waive jurisdictional defects in an indictment, an indictment is jurisdictionally defective only if the acts alleged to have been performed by the defendant do not constitute an actual crime (*see People v Champion*, 20 AD3d 772, 773 [2005]; *People v Polanco*, 2 AD3d 1154 [2003]). "To that end, where an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid" (*People v Champion*, 20 AD3d at 774 [citations omitted]). As the indictment here specified the provision of the Penal Law under which defendant was charged, we cannot say that the indictment was jurisdictionally defective.

Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

* In *Pagan*, the defendant admitted to possessing a cellular phone in prison but refused to admit that he possessed a dangerous instrument (*People v Pagan*, 36 AD3d at 1164-1165). This Court concluded that the defendant's refusal to acknowledge that the phone was dangerous negated an essential element of the crime, thereby making it incumbent upon the trial court to inquire further before accepting the defendant's plea. As the trial court failed to do so, this Court vacated the defendant's plea (*id.* at 1165).