Devine, J.
 

 Appeal from a judgment of the Supreme Court (Breslin, J.), rendered September 17, 2013 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.
 

 Defendant and two codefendants were charged in an indictment with various crimes arising from the robbery of a convenience store. In satisfaction thereof, defendant pleaded guilty to attempted robbery in the second degree and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced to 21l% years in prison and three years of postrelease supervision. He now appeals.
 

 Defendant contends that his guilty plea was not knowing, voluntary or intelligent and that he was induced into entering it by his counsel who provided ineffective assistance. Inasmuch as these claims implicate the voluntariness of defendant’s guilty plea, they are not precluded by his waiver of the right to appeal, but they have not been preserved for our review as the record does not disclose that defendant made an appropriate postallocution motion (see People v Tetreault, 152 AD3d 1081, 1082 [2017]; People v Dubois, 150 AD3d 1562, 1563-1564 [2017]). Notably, the exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Cooks, 150 AD3d 1323, 1324 [2017]). Notwithstanding his assertions to the contrary, he did not maintain his innocence when questioned by Supreme Court during the plea proceedings and was adequately advised of the deportation consequences of entering a guilty plea. Therefore, we find no reason to disturb the judgment of conviction.
 

 Garry, J.P., Mulvey, Aarons and Rumsey, JJ., concur.
 

 Ordered that the judgment is affirmed.