Peters, P.J.
 

 Appeal from a judgment of the Supreme Court (Breslin, J.), rendered October 5, 2015 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
 

 Defendant was charged in an indictment with criminal sale of a controlled substance in the third degree. He thereafter agreed to plead guilty as charged in satisfaction of that indictment and two other pending indictments, and waived his right to appeal. Supreme Court sentenced defendant, as a second felony offender, to 11 years in prison to be followed by three years of postrelease supervision, with that sentence to run consecutively to a prison sentence he was already serving. Defendant now appeals.
 

 We affirm. Initially, we find that defendant’s waiver of the right to appeal was valid. Supreme Court distinguished the right to appeal from those rights automatically forfeited by pleading guilty, and defendant affirmed his understanding thereof and agreed to waive the right to appeal. Defendant then executed a written appeal waiver in open court after discussing the waiver with counsel. In our view, defendant knowingly, intelligently and voluntarily waived the right to appeal his conviction and sentence (see People v Mahon, 148 AD3d 1303, 1303 [2017]; People v Samuel, 143 AD3d 1012, 1012 [2016]). Defendant’s valid appeal waiver precludes his claim that the sentence was harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Caldwell, 148 AD3d 1468, 1468 [2017]).
 

 Defendant’s contention that his plea was not knowing, intelligent and voluntary is unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion (see People v McRae, 150 AD3d 1328, 1329 [2017], lv denied 29 NY3d 1093 [2017]; People v Mann, 140 AD3d 1532, 1533 [2016]). Moreover, defendant made no statements during the plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation rule (see People v Cox, 146 AD3d 1154, 1154 [2017]; People v Taylor, 144 AD3d 1317, 1318 [2016], lv denied 28 NY3d 1151 [2017]).
 

 We reject defendant’s contention that the indictment was jurisdictionally defective. “[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular Crime” (People v Iannone, 45 NY2d 589, 600 [1978]; see People v Franklin, 146 AD3d 1082, 1083-1084 [2017], lv denied 29 NY3d 948 [2017]). “[W]here an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid” (People v Brown, 75 AD3d 655, 656 [2010] [internal quotation marks and citation omitted]; accord People v Griswold, 95 AD3d 1454, 1455 [2012], lv denied 19 NY3d 997 [2012]). Insofar as the indictment references the specific section of the Penal Law under which defendant has been charged, we cannot conclude that the indictment was jurisdictionally defective. To the extent that defendant challenges the factual sufficiency of the indictment, this constitutes a nonjurisdictional defect and any such challenges are waived by defendant’s guilty plea (see People v Cole, 118 AD3d 1098, 1099 [2014]; People v Slingerland, 101 AD3d 1265, 1265-1266 [2012], lv denied 20 NY3d 1104 [2013]). Further, any claimed defects regarding the felony complaint and/or the prior proceedings in the local criminal court are rendered academic as the valid indictment superceded those proceedings (see People v Watson, 105 AD3d 1264, 1265 [2013]; People ex rel. Van Steenburg v Wasser, 69 AD3d 1135, 1136 [2010], lv dismissed and denied 14 NY3d 883 [2010]).
 

 Finally, defendant’s contention that County Court failed to comply with the provisions of CPL 400.21 in adjudicating him a second felony offender is unpreserved for our review as he failed to raise an objection at sentencing (see People v Morse, 111 AD3d 1161, 1161 [2013], lv denied 23 NY3d 1040 [2014]; People v Gathers, 106 AD3d 1333, 1333-1334 [2013], lv denied 21 NY3d 1073 [2013]). In any event, defendant was provided a special information at sentencing charging him with being a second felony offender and he thereafter admitted to the prior conviction and declined to contest the legality of the conviction.
 

 Garry, Devine, Clark and Aarons, JJ., concur.
 

 Ordered that the judgment is affirmed.