Egan Jr., J.P.
 

 Appeal from a judgment of the Supreme Court (Milano, J.), rendered June 25, 2015 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of attempted arson in the second degree and attempted assault in the first degree.
 

 In July 2014, defendant struck his girlfriend using a metal clamp and then intentionally damaged their residence by starting a fire there while his girlfriend and her son were inside that residence. Defendant was subsequently charged in an indictment with attempted murder in the second degree, arson in the second degree, assault in the first degree and endangering the welfare of a child. In April 2015, pursuant to a plea agreement requiring defendant to execute a waiver of appeal, defendant pleaded guilty to attempted arson in the second degree and attempted assault in the first degree. Thereafter, defendant was sentenced to concurrent prison terms of nine years, to be followed by three years of postrelease supervision, and an order of protection was issued by Supreme Court against defendant in favor of the victim. Defendant now appeals.
 

 We affirm. Initially, contrary to defendant’s contention, the record of the plea allocution reflects that an appeal waiver was recited up front as a condition of the plea agreement and that defendant’s combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Howe, 150 AD3d 1321, 1322 [2017]). Further, defendant signed a written waiver of appeal in open court that specifically waived any right to challenge the sentence imposed. The written waiver, like the oral colloquy, also reflected that defendant had a sufficient opportunity to discuss the waiver with counsel. Given defendant’s valid appeal waiver, he is foreclosed from challenging the sentence as harsh and excessive (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Lopez, 6 NY3d at 256; People v Garry, 133 AD3d 1039, 1040 [2015]).
 

 Defendant also contends that his guilty plea was not entered knowingly, intelligently and voluntarily because the order of protection that was issued at sentencing was not included as a term of the plea agreement, and his guilty plea should therefore be vacated. While this claim survives defendant’s waiver of appeal (see People v Hansen, 95 NY2d 227, 231 n 2 [2000]; People v Seaberg, 74 NY2d 1, 10 [1989]), his challenge to the voluntariness of his plea is not preserved for our review due to his failure to make an appropriate postallocution motion or to object at the time of sentencing despite having ample opportunity to do so (see People v Murray, 15 NY3d 725, 727 [2010]; People v Gardner, 129 AD3d 1386, 1387 [2015]; People v McQuality, 112 AD3d 983, 983 [2013]; People v Shaw, 78 AD3d 1376, 1377 [2010]). In any event, given that “[o]rders of protection are not punitive in nature and are not necessarily dependent on, or the result of, a plea agreement” (People v Curry, 123 AD3d 1381, 1384 [2014], lv denied 25 NY3d 950 [2015]; see People v Nieves, 2 NY3d 310, 316 [2004]; People v Hull, 52 AD3d 962, 963 [2008]; People v Vere, 44 AD3d 690, 691 [2007], lv denied 9 NY3d 1010 [2007]), County Court’s issuance of an order of protection at sentencing does not render defendant’s guilty plea invalid (see People v Harnett, 72 AD3d 232, 235 [2010], affd 16 NY3d 200 [2011]; People v Hull, 52 AD3d at 963-964; People v Dixon, 16 AD3d 517, 517 [2005]; People v Roman, 243 AD2d 831, 831 [1997]; see also CPL 530.13 [4]).
 

 Lynch, Rose, Aarons and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.