People v Suits (2018 NY Slip Op 01098)





People v Suits


2018 NY Slip Op 01098


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

108124

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
AARON J. SUITS, Appellant.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Linda A. Berkowitz, Ormond Beach, Florida, for appellant.
 Karen Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Saratoga County (Sypniewski, J.), rendered August 20, 2015, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree (two counts).
Defendant and a codefendant were charged with four counts of burglary in the third degree after they entered a vacant restaurant located in the Town of Malta, Saratoga County on four occasions in January 2015 and removed copper tubing. Information was received by the Saratoga County Sheriff's Department that, during the same time period, defendant participated in a similar burglary with a different codefendant at another vacant restaurant located in the Town of Halfmoon, Saratoga County. Defendant waived indictment and agreed to be prosecuted by a
superior court information (hereinafter SCI) charging him with two counts of burglary in the third degree in connection with his activities at the Malta restaurant. He pleaded guilty to the SCI in satisfaction of all pending and potential charges arising from the burglaries at both restaurants. Under the terms of the plea agreement, he waived his right to appeal, both orally and in writing, and was to be sentenced as a second felony offender to consecutive prison terms of 3½ to 7 years. In addition, he agreed to pay restitution to the owners of both restaurants, approximately $60,000 to $65,000 to the owner of the Malta restaurant and approximately $31,000 to the owner of the Halfmoon restaurant. He, however, reserved the right to request a restitution hearing if the actual restitution amounts exceeded the approximate amounts and were not documented in the presentence investigation report. In accordance with the terms of the plea [*2]agreement, defendant was sentenced to consecutive prison terms of 3½ to 7 years and he was ordered to pay restitution in the amount of $50,760 to the owner of the Malta restaurant and $31,000 to the owner of the Halfmoon restaurant, making for a total restitution award of $85,818, which included the five percent mandatory surcharge. He now appeals.
Initially, we find that defendant's waiver of the right to appeal was valid as the record discloses that County Court distinguished the right to appeal from the other trial-related rights that defendant was forfeiting by pleading guilty and because defendant communicated his understanding of the waiver and executed a detailed written waiver in open court after conferring with counsel (see People v Lawrence, 155 AD3d 1259, 1259-1260 [2017]; People v Campbell, 155 AD3d 1250, 1251 [2017]). Defendant's valid waiver of the right to appeal precludes his challenges to the severity of the sentence (see id.), nonjurisdictional defects in the SCI (see People v Rossborough, 101 AD3d 1775, 1775 [2012]) and the effectiveness of his counsel to the extent that it did not impact the voluntariness of his guilty plea (see People v Morelli, 46 AD3d 1215, 1217 [2007], lv denied 10 NY3d 814 [2008]).
Although defendant also contends that his guilty plea was not knowing, voluntary or intelligent, this claim has not been preserved for our review as the record does not disclose that he made an appropriate postallocution motion (see People v Williams, 155 AD3d 1253, 1254 [2017]; People v White, 153 AD3d 1041, 1041 [2017]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt upon his guilt or called into question the voluntariness of his plea (see People v Mathayo, 155 AD3d 1090, 1091 [2017]; People v Fay, 154 AD3d 1178, 1181 [2017]).
Defendant further asserts that the SCI is jurisdictionally defective because it did not identify the underlying crime that he intended to commit during the burglary. We are not persuaded. "A charging instrument that incorporates by reference the statutory provisions applicable to the crime charged has been held to allege the material elements of the crime sufficiently to survive a jurisdictional challenge" (People v Kamburelis, 100 AD3d 1189, 1189-1190 [2012] [citations omitted]; see People v McDuffie, 89 AD3d 1154, 1155 [2011], lv denied 19 NY3d 964 [2012]). Here, the SCI specifically referenced Penal Law
§ 140.20, which defines burglary in the third degree. Significantly, the statute does not specify that the underlying crime must be identified (see Penal Law § 140.20), nor has this been held to be a requirement (see e.g. People v Musella, 148 AD3d 1465, 1467 [2017], lv denied 29 NY3d 1093 [2017]). Consequently, we find that the SCI validly charged defendant with two counts of burglary in the third degree, to which he pleaded guilty.
Defendant also challenges the legality of the sentence and the restitution award. Contrary to defendant's claim, the imposition of consecutive sentences was authorized given that the burglaries to which defendant pleaded guilty occurred on two different dates and were completely separate and distinct acts, notwithstanding the fact that they occurred at the same location (see People v Frazier, 16 NY3d 36, 41 [2010]; People v Brown, 255 AD2d 686, 687 [1998], lv denied 92 NY2d 1029 [1998]). As for the restitution award, the People concede that County Court erroneously included the amount of $31,000 as compensation to the owner of the Halfmoon restaurant when there was no accusatory instrument filed charging defendant with any crimes related thereto. We must agree. "Penal Law § 60.27 permits a trial court to require restitution arising from 'the offense for which a defendant was convicted, as well as any other offense that is part of the same criminal transaction or that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense'" (People v Skerritt, 128 AD3d 1110, 1111 [2015], quoting Penal Law § 60.27 [4] [a]). Here, the SCI was the sole accusatory instrument filed and it covered crimes related only to the Malta restaurant. [*3]Consequently, the restitution award should be modified by deducting $31,000 to be paid to the owner of the Halfmoon restaurant, with the surcharge to be recalculated accordingly. Otherwise, we find no reason to disturb the restitution award.
McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
ORDERED that the judgment is modified, on the law, by reversing so much thereof as directed defendant to pay $31,000 in restitution to the owner of the restaurant in the Town of Halfmoon, Saratoga County, and, as so modified, affirmed.