People v Park (2018 NY Slip Op 04985)





People v Park


2018 NY Slip Op 04985


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

109421

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
v
LUKE PARK, Respondent.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Barbara D. Underwood, Attorney General (Matthew B. Keller of counsel), New York City, for appellant.
Bruce R. Bryan, Syracuse, for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from that part of an order of the County Court of Cortland County (Campbell, J.), entered February 10, 2017, which partially granted defendant's motion to dismiss the indictment.
In July 2015, a 14-year-old was killed while operating heavy machinery at Park Family Farms, a farm owned in trust by defendant. The Department of Labor audited the farm in connection with a subsequent investigation into the boy's death, in the course of which it was discovered that the farm, among other things, failed to report the wages of certain employees in quarterly unemployment insurance tax returns (hereinafter NYS-45 forms), resulting in an underpayment of employee insurance contributions. After the investigation was complete, a grand jury returned a 15-count indictment charging defendant with four counts each of falsifying business records in the first degree, offering a false instrument for filing in the first degree and willful failure to pay unemployment insurance contributions, one count of endangering the welfare of a child and two counts of prohibited employment of a minor. Defendant thereafter moved to, among other things, dismiss the indictment on various grounds. County Court partially granted defendant's motion and dismissed the four counts of falsifying business records in the first degree and the four counts of offering a false instrument for filing in the first degree (counts 1 through 8), finding that the evidence submitted to the grand jury was legally insufficient to establish that defendant had knowledge of the content of the NYS-45 forms. The court also dismissed the two counts of prohibited employment of a minor (counts 14 and 15) on [*2]the ground that the section of the Labor Law referenced therein did not constitute a chargeable offense. This appeal by the People ensued.
"To dismiss an indictment or counts thereof on the basis of insufficient evidence before a grand jury, a reviewing court must consider whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (People v Spratley, 152 AD3d 195, 197 [2017] [internal quotation marks and citations omitted]; see People v Grant, 17 NY3d 613, 616 [2011]). "In the context of grand jury proceedings, 'legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt'" (People v Mills, 1 NY3d 269, 274 [2003], quoting People v Bello, 92 NY2d 523, 526 [1998]; accord People v Spratley, 152 AD3d at 197). "The reviewing court's inquiry is limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the [g]rand [j]ury could rationally have drawn the guilty inference'" (People v Bello, 92 NY2d at 526, quoting People v Deegan, 69 NY2d 976, 979 [1987]; see People v Waite, 108 AD3d 985, 985 [2013]).
As relevant here, "[a] person is guilty of falsifying business records in the first degree when he [or she] commits the crime of falsifying business records in the second degree, and when his [or her] intent to defraud includes an intent to commit another crime or to aid or conceal the commission thereof" (Penal Law § 175.10). The crime of falsifying business records in the second degree, in turn, requires proof that, with intent to defraud, a defendant "[m]akes or causes a false entry in the business records of an enterprise; . . . [o]mits to make a true entry in the business records of an enterprise in violation of a duty to do so which he [or she] knows to be imposed upon him [or her] by law or by the nature of his [or her] position; or [p]revents the making of a true entry or causes the omission thereof in the business records of an enterprise" (Penal Law § 175.05). Lastly, "[a] person is guilty of offering a false instrument for filing in the first degree when[,] knowing that a written instrument contains a false statement or false information, and with intent to defraud the state[,] . . . he or she offers or presents it to a public office . . . with the knowledge or belief that it will . . . become a part of the records of such public office" (Penal Law § 175.35).
The four counts each of falsifying business records in the first degree and offering a false instrument for filing in the first degree are based upon the underreporting of employees and wages in four quarterly NYS-45 forms submitted to the state in 2015. Testimony of three former employees of defendant's farm established that farm employees kept track of their own work hours and submitted them to defendant, whom they described as the "boss" who "did everything." One such former employee noted that he also reported his hours to defendant's sister, who helped with the farm's administrative tasks. Testimony further established that defendant paid employees either by cash, check or a combination of both. Two of the former employees explained that defendant would not pay them for all of the hours they had worked, and one of those witnesses testified that he was only on the books for the last two weeks of his employment at the farm. One of the former employees testified that, after the investigation had begun, defendant told him to lie to the investigators, while another testified that defendant told him not to say anything at all.
Defendant had engaged Farm Credit East to handle the farm's bookkeeping, and an employee of that company testified that she relied on defendant for accurate information about who worked on the farm. She explained that she received time sheets by fax and would use that information to process payroll checks for defendant's on-the-books employees and to generate [*3]NYS-45 forms. An engagement agreement executed between Farm Credit East and the farm, signed by defendant, states, "I understand that I am solely responsible for the accuracy of the payroll information supplied by me to Farm Credit [East.] . . . I also understand and agree that if Farm Credit [East] will be filing payroll tax returns . . . it is my responsibility to review and approve the returns." The Farm Credit East employee testified that certain farm employees had not been included on the four NYS-45 forms submitted in 2015, and a Department of Labor auditor testified that the farm owed additional unemployment insurance contributions as a result of its failure to report certain employees. Although the NYS-45 forms were submitted electronically, the grand jury was shown two amended NYS-45 forms for the first and second quarters of 2015 that defendant had personally signed, wherein defendant certified that the returns were "to the best of [his] knowledge and belief true, correct, and complete." The NYS-45 forms for the first two quarters of 2015 indicate that the farm had four employees, the form for the third quarter lists six employees and the form for the fourth quarter lists 10 employees, suggesting that defendant put more employees on the books after the investigation and the audit commenced.
Viewed most favorably to the People, we find that the evidence before the grand jury provided a prima facie case of falsifying business records in the first degree and offering a false instrument for filing in the first degree. Although there was no proof that defendant himself compiled the relevant time sheets or submitted them to Farm Credit East, the evidence established that employees reported their hours directly to defendant — who regularly paid them in cash off the books — and that defendant was solely responsible for the accuracy of the payroll information, personally certified the accuracy of two amended NYS-45 forms and instructed one of his employees to lie about the number of hours he worked. From this evidence, the grand jury could have rationally inferred that defendant played a role in providing payroll information to Farm Credit East or, at the very least, knew that the information contained within the relevant forms was not accurate (see People v Mikuszewski, 73 NY2d 407, 414-415 [1989]; cf. People v Burt, 246 AD2d 919, 920-921 [1998], lv denied 91 NY2d 1005 [1998]). Such evidence likewise supports the logical inference that defendant acted with the intent to defraud the state of unemployment insurance contributions. Because the grand jury could have rationally drawn the inference of guilt from this proof, the fact "'[t]hat other, innocent inferences could possibly be drawn from the facts is irrelevant'" (People v Jensen, 86 NY2d 248, 253 [1995], quoting People v Deegan, 69 NY2d at 979; accord People v Bello, 92 NY2d at 526; People v Spratley, 152 AD3d at 200). Counts 1 through 8 of the indictment must, therefore, be reinstated.
County Court likewise erred in dismissing counts 14 and 15 of the indictment. It is well-established that an "indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (People v Iannone, 45 NY2d 589, 600 [1978]; see People v Franklin, 146 AD3d 1082, 1083-1084 [2017], lvs denied 29 NY3d 946, 948 [2017]). "[W]here an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise [a] defendant of the charge and, therefore, renders the count jurisdictionally valid" (People v Brown, 75 AD3d 655, 656 [2010] [internal quotation marks and citation omitted]; accord People v Williams, 155 AD3d 1253, 1254 [2017], lv denied ___ NY3d ___ [May 14, 2018]; People v Griswold, 95 AD3d 1454, 1455 [2012], lv denied 19 NY3d 997 [2012]). Here, counts 14 and 15 of the indictment each begin by accusing defendant of the crime of prohibited employment of a minor in violation of Labor Law § 145, which provides that a knowing violation of a provision of article 4 of the Labor Law is punishable by a misdemeanor. While County Court correctly noted that Labor Law § 145 does not state a substantive offense, each [*4]count then goes on to specify the particular section of article 4 of the Labor Law which defendant is alleged to have violated, as well as the conduct forming the basis of the charges. This was more than sufficient to provide defendant with fair notice of the charges against him (see People v Williams, 155 AD3d at 1254; People v Binns, 82 AD3d 1449, 1450 [2011]; People v Brown, 75 AD3d at 656).
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, by reversing so much thereof as partially granted defendant's motion and dismissed counts 1 through 8, 14 and 15 of the indictment; motion denied in its entirety and said counts reinstated; and, as so modified, affirmed.