People v Tucker (2018 NY Slip Op 05629)





People v Tucker


2018 NY Slip Op 05629


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

107979

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
JACKSON D. TUCKER III, Appellant.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


Adam W. Toraya, Albany, for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered May 15, 2015, convicting defendant upon his pleas of guilty of the crimes of assault in the second degree and grand larceny in the third degree.
In November 2013, defendant was charged in a nine-count indictment with various crimes as a result of a domestic dispute with his girlfriend that culminated in a physical altercation. In December 2014, defendant was arrested and charged in a superior court information with grand larceny in the third degree stemming from an incident involving the theft of catalytic converters from several vehicles. In a global disposition of the indictment and superior court information, defendant pleaded guilty to assault in the second degree and grand larceny in the third degree and executed two waivers of appeal in open court. County Court sentenced defendant, in accordance with the terms of the plea agreement, to concurrent prison terms of 2&frac13; to 7 years for the grand larceny conviction and five years, to be followed by three years of postrelease supervision, for the assault conviction. Regarding the grand larceny conviction, County Court ordered that, if defendant did not pay restitution in the amount of $10,806.70 within two years of his release from prison, he would be subject to the balance of any remaining unserved time on his prison sentence. Defendant now appeals.
We affirm. Initially, defendant's challenge to the validity of his appeal waivers is without merit. During the plea colloquies, County Court's explanation of what the waivers of the right to appeal entailed adequately conveyed to defendant that such right is separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Chaney, 160 AD3d 1281, 1282-1283 [2018]; People v Hartfield, 151 AD3d 1116, 1117 [2017], lv denied 29 NY3d 1127 [2017]). "[A]lthough County Court could have more clearly distinguished defendant's right to appeal from the remainder of the rights that defendant forfeited upon pleading guilty" (People v Griffin, 134 AD3d 1228, 1229 [2015], lv denied 27 NY3d 1132 [2016]; see People v Waite, 120 AD3d 1446, 1447 [2014]), the record nonetheless reflects that County Court obtained the required assurances that defendant understood that he was giving up certain appellate rights and, after conferring with counsel, he executed detailed written waivers in open court (see People v Suits, 158 AD3d 949, 950 [2018]; People v Caldwell, 148 AD3d 1468, 1468 [2017]). Inasmuch as the oral colloquies — combined with the written waivers wherein defendant expressly waived his right to challenge the sentences imposed — demonstrate his understanding and voluntary waiver of his right to appeal, defendant's challenge to the severity of the agreed-upon sentences imposed is precluded (see People v Cayon, 158 AD3d 946, 947 [2018], lv denied ___ NY3d ___ [May 30, 2018]; People v Gagnon, 153 AD3d 1451, 1452 [2017]).
Defendant also contends that his guilty pleas were not knowing, voluntary and intelligent because the terms of his plea agreement provided for concurrent sentences, and, following sentencing in this matter, he received a prison sentence in Warren County on an unrelated conviction that was ordered to run consecutively to the sentences that he received here. Although defendant's challenge to the voluntariness of his pleas survives his valid waivers of the right to appeal, his claim has not been preserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Guidry, 158 AD3d 901, 902 [2018]; People v Williams, 155 AD3d 1253, 1254 [2017], lv denied ___ NY3d ___ [May 14, 2018]). Indeed, "if [defendant] was confused about [th]is issue, he was obligated to move to withdraw his plea on that ground before the sentencing court" (People v Pastor, 28 NY3d 1089, 1091 [2016]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquies or sentencing proceeding that cast doubt upon his guilt or called into question the voluntariness of his pleas (see id. at 1090-1091; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Mathayo, 155 AD3d 1090, 1091 [2017], lv denied 30 NY3d 1107 [2018]). In any event, were we to examine this issue, we would find his guilty pleas to be knowing, voluntary and intelligent. At the plea colloquies, County Court specifically warned defendant that if a plea agreement in the unrelated Warren County matter was not reached or was otherwise unsatisfactory to defendant, the ultimate disposition in that case would have no effect on his guilty pleas and sentences here, to which defendant confirmed his understanding.
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.