People v Atkinson (2018 NY Slip Op 06295)





People v Atkinson


2018 NY Slip Op 06295


Decided on September 27, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 27, 2018

108874

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NAOMI ATKINSON, Appellant.

Calendar Date: August 6, 2018

Before: Garry, P.J., Lynch, Clark, Mulvey and Aarons, JJ.


Richard V. Manning, Parishville, for appellant.
Craig P. Carriero, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Franklin County (Richards, J.), rendered June 29, 2016, convicting defendant upon her plea of guilty of the crime of burglary in the second degree.
In full satisfaction of a three-count indictment, defendant pleaded guilty to burglary in the second degree and waived the right to appeal. County Court sentenced defendant, as a second felony offender, to the agreed-upon prison term of seven years, to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Contrary to defendant's contention, the record reflects that she validly waived the right to appeal. County Court distinguished the waiver of appeal from the trial-related rights automatically forfeited by a guilty plea, and defendant affirmed her understanding thereof. Defendant also executed a written waiver in open court, which specifically waived any right to argue that the sentence is harsh and excessive, after acknowledging that she had an opportunity to discuss the waiver with counsel and that she understood its contents. Accordingly, we conclude that defendant knowingly, intelligently and voluntarily waived the right to appeal (see People v Royal, 161 AD3d 1217, 1218 [2018]; People v Dobbs, 157 AD3d 1122, 1122-1123 [2018], lv denied 31 NY3d 983 [2018]). Given defendant's valid appeal waiver, her challenge to the sentence as harsh and excessive is precluded (see People v White, 156 AD3d 1249, 1249-1250 [2017], lv denied 31 NY3d 988 [2018]; People v Williams, 155 AD3d 1253, 1254 [2017], lv denied 31 NY3d 1089 [2018]).
Garry, P.J., Lynch, Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.