People v Quell (2018 NY Slip Op 08201)





People v Quell


2018 NY Slip Op 08201


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

108535

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RAYMOND J. QUELL, Appellant.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Aaron A. Louridas, Delmar, for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered December 18, 2015, convicting defendant upon his plea of guilty of the crime of grand larceny in the fourth degree.
In November 2015, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of grand larceny in the fourth degree. The charge arose out of allegations that, in the early morning hours of April 30, 2015, defendant approached a woman inside of a convenience store and grabbed and stole $40 from her right hand. Pursuant to a plea agreement, defendant pleaded guilty to grand larceny in the fourth degree and executed a written waiver of appeal in open court. In accordance with the terms of the plea agreement, County Court thereafter sentenced defendant, as a second felony offender, to a prison term of 1½ to 3 years. Defendant appeals.
Defendant's sole contentions on appeal are that his combined oral and written waiver of appeal is invalid because County Court failed to advise him of the separate and distinct nature of his right to appeal and that his guilty plea was not knowing, voluntary and intelligent because it was coerced. As an initial matter, whether defendant's combined oral and written waiver of appeal was knowing, voluntary and intelligent is of no consequence because defendant's challenge to the voluntariness of his guilty plea survives a valid waiver of the right to appeal (see People v Tucker, 164 AD3d 948, 950 [2018]; People v Howe, 150 AD3d 1321, 1322-1323 [2017]). However, although defendant's challenge to the voluntariness of his plea survives a valid waiver of the right to appeal, his claim has not been preserved for our review as the record does not reflect that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Guidry, 158 AD3d 901, 902 [2018]; People v Williams, 155 AD3d 1253, 1254 [2017], lv denied 31 NY3d 1089 [2018]). Moreover, defendant's reliance upon his unsworn statements contained within a postplea letter sent to County Court prior to sentencing, which contradicted his sworn plea allocution, is unavailing, as said letter neither properly preserved this issue for appeal nor [*2]constituted a motion to withdraw his guilty plea (see People v Willard, 159 AD3d 1228, 1229 [2018], lv denied 31 NY3d 1154 [2018]; People v Rayburn, 150 AD3d 1553, 1554-1555 & n [2017]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy or sentencing proceeding that cast doubt upon his guilt, negated an element of the crime or called into question the voluntariness of his plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Tucker, 164 AD3d at 950; People v Mathayo, 155 AD3d 1090, 1091 [2017], lv denied 30 NY3d 1107 [2018]).
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.