People v Vanalst (2019 NY Slip Op 02921)





People v Vanalst


2019 NY Slip Op 02921


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

108577

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TIMOTHY VANALST, Appellant.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Timothy S. Brennan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered April 19, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree (two counts).
In September 2015, defendant was charged by indictment with criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree and criminal possession of marihuana in the fifth degree. In January 2016, defendant was charged by superior court information with attempted criminal possession of a weapon in the second degree. As part of a negotiated global disposition of the indictment and superior court information, defendant pleaded guilty to two counts of attempted criminal possession of a weapon in the second degree and waived his right to appeal. Thereafter, County Court sentenced defendant, as a second felony offender, in accordance with the terms of the plea agreement, to two concurrent prison terms of five years, to be followed by five years of postrelease supervision. He appeals.
We affirm. Contrary to his contention, defendant validly waived his right to appeal. Initially, the record reflects that defendant was advised at the outset of the plea proceeding that the waiver of his right to appeal was a condition of the plea agreement (see People v Moore, 167 AD3d 1158, 1158 [2018], lv denied ___ NY3d ___ [Mar. 12, 2019]; People v Koontz, 166 AD3d 1215, 1216 [2018], lv denied ___ NY3d ___ [Feb. 6, 2019]; People v Chaney, 160 AD3d 1281, 1282 [2018], lv denied 31 NY3d 1146 [2018]). During the plea colloquy, County Court distinguished the right to appeal as separate and distinct from the trial-related rights automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d 248, 256-257 [2006]). Defendant thereafter executed two written appeal waivers in open court reflecting the same, and they both indicate that defendant had been informed by his counsel of the consequences of [*2]waiving his right to appeal. Defendant verbally acknowledged that he signed and understood the waivers and that he had no further questions for counsel. We therefore find that defendant's combined oral and written waivers are valid (see People v Hall, 167 AD3d 1165, 1165-1166 [2018], lvs denied ___ NY3d ___ [Feb. 25, 2019]; People v Nieves, 163 AD3d 1359, 1359-1360 [2018], lv denied 32 NY3d 1006 [2018]; People v Venable, 161 AD3d 1315, 1315 [2018], lv denied 31 NY3d 1154 [2018]). Accordingly, defendant's contention that the agreed-upon sentence is harsh and excessive has been foreclosed (see People v Lopez, 6 NY3d at 256; People v Royal, 161 AD3d 1217, 1218 [2018], lv denied 32 NY3d 1007 [2018]; People v Lomax, 161 AD3d 1454, 1455 [2018], lv denied 32 NY3d 1113 [2018]).
Although defendant's challenge to the voluntariness of his plea survives his valid appeal waivers (see People v Moore, 167 AD3d at 1159; People v Tucker, 164 AD3d 948, 950 [2018]), his claim has not been preserved for our review as the record does not reflect that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Guidry, 158 AD3d 901, 902 [2018]; People v Williams, 155 AD3d 1253, 1254 [2017], lv denied 31 NY3d 1089 [2018]), and the narrow exception to the preservation rule is inapplicable (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]).
Garry, P.J., Egan Jr., Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.