People v Woody (2026 NY Slip Op 00549)

People v Woody

2026 NY Slip Op 00549

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

CR-23-1922
[*1]The People of the State of New York, Respondent,
vZaquon Woody, Appellant.

Calendar Date:January 9, 2026

Before:Clark, J.P., Pritzker, McShan, Powers and Corcoran, JJ.

Veronica Reed, Schenectady, for appellant.
Lee C. Kindlon, District Attorney, Albany (Caroline B. McCaffrey of counsel), for respondent.

Corcoran, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered November 18, 2022, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Upon being dispatched to an active domestic disturbance, law enforcement recovered, among other things, a loaded handgun, and defendant was subsequently charged in an indictment with criminal possession of a weapon in the second degree and criminal mischief in the fourth degree. Following pretrial motion practice, defendant pleaded guilty to attempted criminal possession of a weapon in the second degree pursuant to a negotiated disposition that required defendant to waive his right to appeal both orally and in writing in exchange for a prison sentence of five years, to be followed by five years of postrelease supervision. At the plea colloquy, defendant was given Parker warnings and told that if he failed to cooperate with the Probation Department or failed to appear for sentencing, County Court was not bound by the plea agreement and could sentence defendant up to seven years in prison. Thereafter, defendant failed to appear for the presentence investigation and failed to appear for the original sentencing date, prompting County Court to issue a bench warrant in September 2021 based upon defendant's persistent willful failure to appear or respond to communications. In August 2022, defendant appeared after being arrested on the bench warrant, and he was remanded pending the presentence investigation. At sentencing in November 2022, defendant did not dispute that he violated the Parker warnings and acknowledged that County Court was no longer bound by the terms of the plea agreement. The court then imposed upon defendant, as a second felony offender, an enhanced sentence of seven years in prison, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. "Although the written waiver of appeal utilized in this matter indeed was overbroad, County Court's oral colloquy, wherein the court expressly delineated the appellate issues that would survive the waiver, was sufficient to overcome the deficiencies in the written waiver and to ensure that defendant understood that some appellate review survived" (People v Williams, 235 AD3d 1066, 1067 [3d Dept 2025] [citations omitted]). Accordingly, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal. Inasmuch as defendant was advised of the consequences of failing to cooperate with the Probation Department and/or appear for sentencing, the valid appeal waiver precludes any challenge to the perceived severity of the enhanced sentence that was imposed (see People v Sutton, 237 AD3d 1317, 1318 [3d Dept 2025]; People v Drennen, 236 AD3d 1245, 1247 [3d Dept 2025], lv denied 43 NY3d 1045 [2025]; People v Middlemiss, 236 AD3d 1198, 1199 [3d Dept 2025]). Defendant's claim that he was denied the effective assistance [*2]of counsel due to counsel's decision to not oppose the imposition of an enhanced sentence [FN1] is also precluded by the unchallenged appeal waiver (see People v El-Begearmi, 236 AD3d 1203, 1203 [3d Dept 2025]; People v Gayle, 221 AD3d 1061, 1063 [3d Dept 2023], lv denied 41 NY3d 1002 [2024]) and also unpreserved for our review (see People v Gonzalez, 234 AD3d 1186, 1187 [3d Dept 2025]; People v Vivona, 199 AD3d 1165, 1166-1167 [3d Dept 2021]; cf. People v Howard, 231 AD3d 1202, 1205 [3d Dept 2024]). "Nevertheless, inasmuch as defendant's contention implicates the motives of counsel that fall outside the record on appeal, it must be raised by way of a motion pursuant to CPL article 440" (People v El-Begearmi, 236 AD3d at 1204 [internal quotation marks, brackets and citations omitted]).
"To the extent that defendant challenges the sufficiency of the indictment itself, we find that defendant forfeited this claim by pleading guilty" (People v Brown, 75 AD3d 655, 656 [3d Dept 2010]; see People v Tammaro, 155 AD3d 473, 474 [1st Dept 2017], lv denied 30 NY3d 1109 [2018]; People v Brice, 146 AD3d 1152, 1154 [3d Dept 2017], lv denied 29 NY3d 996 [2017]). Although a defendant's guilty plea does not waive jurisdictional defects in an indictment (see People v Guerrero, 28 NY3d 110, 115-116 [2016]; People v Iannone, 45 NY2d 589, 600 [1978]; People v Turner, 202 AD3d 1375, 1375-1376 [2022], lv denied 38 NY3d 1036 [2022]), an indictment is jurisdictionally defective only if the acts alleged to have been performed by the defendant do not constitute an actual crime (see People v Brabant, 229 AD3d 892, 896 [3d Dept 2024]; People v Brown, 75 AD3d at 656). "To that end, where an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid" (People v Brown, 75 AD3d at 656 [internal quotation marks and citations omitted]; accord People v Henry, 237 AD3d 1258, 1259 [3d Dept 2025], lv denied 44 NY3d 982 [2025]). As the indictment here specified the provisions of the Penal Law under which defendant was charged — as well as the time and place of the crime and conduct of which defendant was accused — we also cannot say that the indictment was jurisdictionally defective (see Penal Law §§ 145.00 [1]; 265.03 [3]; People v Hooker, 230 AD3d 1465, 1467 [3d Dept 2024]; People v Brabant, 229 AD3d at 896). Contrary to defendant's argument, a person can criminally attempt to possess a weapon (see People v Saunders, 85 NY2d 339, 341 [1995]; People v Downs, 26 AD3d 525, 526 [3d Dept 2006], lv denied 6 NY3d 847 [2006]; see also People v Boyd, 153 AD3d 1608, 1609 [4th Dept 2017], lv denied 30 NY3d 1103 [2018]), and, even if that were not the case as defendant avers here, "a defendant may plead guilty to a nonexistent crime in satisfaction of an indictment charging a crime for which a greater [*3]penalty may be imposed" (People v Downs, 26 AD3d at 526 [internal quotation marks and citation omitted]). To the extent that we have not discussed any of defendant's remaining contentions, they have been found to be without merit.
Clark, J.P., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: At sentencing, counsel agreed that County Court had the discretion to impose an enhanced sentence but did advocate that a "lesser enhancement might be appropriate under the facts of this case."